UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

John Frederick Shastal, Jr.  Case No. 20-31468-jda
Kimberly Ann Shastal,  Chapter 7
  Hon. Joel D. Applebaum
    Debtors.
_____/

SAMUEL D. SWEET, Chapter 7
Trustee for the Estate of Debtors,
John Frederick Shastal Jr. and
Kimberly Ann Shastal, and
JOHN FREDERICK SHASTAL,
an individual, and KIMBERLY
ANN SHASTAL, an individual,

    Plaintiffs,

v.  Adv. No. 24-3033

MAJORS LAW, PLLC,
a Professional Limited Liability
Company, SHEENA L. MAJORS,
an individual, DESIRAE BEDFORD,
an individual and RECOVERY LAW GROUP,
a Professional Corporation,

    Defendants.
_____/

**OPINION AND ORDER DENYING THE AMENDED MOTION FOR RECONSIDERATION FILED BY RECOVERY LAW GROUP AND DESIRAE BEDFORD MADE PURSUANT TO FED. R. BANKR. P. 9023, WHICH INCORPORATES FED. R. CIV. P. 59(e)**

This matter is before the Court on an Amended Motion for Reconsideration filed by defendants Recovery Law Group, APC, and Desirae Bedford on August 20, 2024,[1] seeking reconsideration of the Court's lengthy August 9, 2024 Opinion and accompanying Order denying Defendants Motion to Dismiss Plaintiffs' Adversary Complaint (Adv. Dkt. Nos. 44, 45).

As a preliminary matter, the Court notes that Defendants bring this motion under Fed. R. Civ. P. 59, incorporated into adversary proceedings by Fed. R. Bankr. P. 9023. The applicable legal standard for motions to reconsider in this district, however, is found in Rule 9024-1(a) of the Local Rules for the United States Bankruptcy Court for the Eastern District of Michigan. *See In re Greektown Holdings, LLC,* 728 F.3d 567, 574 (6th Cir. 2013)(applying Eastern District of Michigan local bankruptcy rule on motion for reconsideration rather than the Federal Rules of Civil Procedure). Under this rule, a motion for reconsideration will be granted *only* if the movant demonstrates that the Court and the parties have been misled by a palpable defect and that a different disposition of the case must result from a correction of such palpable defect. A motion that merely presents the same issues already ruled upon by the Court, either expressly or by reasonable implication,

---

[1] Defendants original Motion for Reconsideration was filed on August 19, 2024 and was stricken by the Court. This amended motion should have been identified as a "corrected" motion for reconsideration.

2

will not be granted. E.D. Mich. LBR 9024-1(a)(3). Because the instant Motion fails to show a palpable defect requiring a different outcome, and presents issues addressed at length in the Court's August 9, 2024 Opinion, the Motion is DENIED.

Essentially, Defendants' Amended Motion for Reconsideration is premised on the Court's refusal to hold that the chapter 7 Trustee lacks standing to prosecute the legal malpractice claim or that the Court lacks jurisdiction over it.[2] First, Defendants argue that the Court failed to acknowledge that, during oral argument on their Motion to Dismiss, Defendants retracted their admission that Plaintiffs' legal malpractice claim is a core proceeding. (Adv. Dkt. No. 43, hearing at 11:12-11:55) Had the Court acknowledged this retraction, Defendants claim the Court would necessarily have concluded that the chapter 7 Trustee lacked standing to bring such a claim. Why a chapter 7 trustee would lack standing to prosecute a claim simply because it is non-core is left unexplained. The Court has two responses to this argument. First, during oral argument Defendants did not clearly retract their admission that the case was a core proceeding. Instead, they blamed Plaintiffs for wrongly alleging that the claim was core. According to Defendants, they simply rubber stamped Plaintiffs' allegation in their Motion to Dismiss and Supplemental

---

[2] In their original Motion to Dismiss and Supplemental Brief, Defendants conflate Plaintiffs' standing to prosecute the legal malpractice claim with this Court's jurisdiction to hear the claim, and whether the claim is core or non-core, analytical errors carried over into this Motion.

3

Brief, and only realized at the hearing on the Motion to Dismiss that *Plaintiffs* were mistaken and that the legal malpractice claim was non-core. While Defendants' propensity to blame others is becoming a hallmark of Defendants' conduct in this litigation, for the reasons explained in the August 9th Opinion, the Court does not believe Plaintiffs' complaint was incorrect in alleging that the legal malpractice claim is a core proceeding. More importantly, this Court did not base its ruling on Defendants' ill-advised admission. Rather, the Court based its ruling on its analysis that this case, including the legal malpractice claim, is property of the estate over which this Court has jurisdiction regardless of whether claim is core or non-core. As the Opinion concluded:

> Finally, Movants' insistence that the Court somehow lacks subject matter jurisdiction over the legal malpractice claim because it is "non-core" is simply wrong. The distinction between "core" and "non-core" proceedings under 28 U.S.C. § 157 determines a bankruptcy court's statutory authority to enter final judgments: final judgments in most "core" proceedings can be entered by a bankruptcy court while final judgments in "non-core" proceedings, absent consent, must be entered by the district court. *HNRC Dissolution*, 761 F. App'x at 561; *see also Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 670 (2015). "***That allocation does not implicate questions of subject matter jurisdiction***." *HNRC Dissolution*, 761 F. App'x at 560, quoting *Stern v. Marshall*, 564 U.S. 462, 480 (2011) (emphasis added).

Defendants next assert that the Court failed to address their argument "regarding the post-petition accrual of the claim and the Trustee's lack of standing to bring such a claim." (Adv. Dkt. No. 55, p. 4) As stated in their Supplemental Brief and now repeated here, Defendants argue that the legal malpractice claim

4

24-03033-jda    Doc 60    Filed 09/03/24    Entered 09/03/24 08:51:37    Page 4 of 6

accrued post-petition. Because this claim accrued post-petition, it is not property of the estate and, again, the chapter 7 Trustee necessarily lacks standing to prosecute it.

The Court also addressed this argument at length, holding that Defendants' focus on *when* the malpractice claim accrued is irrelevant. Pursuant to the global settlement previously approved by this Court, any recovery on the malpractice claim (and any recovery on the concurrent § 526 claim) will be shared equally by Debtors and the bankruptcy estate (Case No. 20-31468, Dkt. No. 221). Therefore, the legal malpractice claim is property of the bankruptcy estate regardless of when it accrued. And because the estate has an interest in the claim, Plaintiffs (including the chapter 7 Trustee) have standing to prosecute it and this Court has jurisdiction to hear it. *See Giese v. Lexington Coal Co. (In re HNRC Dissolution Co.)*, 761 Fed. App'x 553, 559-560 (6th Cir. 2019)(there is "related to" jurisdiction if "the outcome of the proceeding could conceivably have any effect on the estate being administered").

The Court also discussed at length *Church Joint Venture, L.P. v. Blasingame (In re Blasingame)*, 986 F.3d 633 (6th Cir. 2021), upon which Defendants rely, holding that it was not applicable because, in this case, the Court's jurisdiction and Plaintiffs' standing is simply not dependent on *when* the legal malpractice claim accrued. For the same reason, Defendants' sudden reliance on an unpublished opinion of the Michigan Court of Appeals, *Estate of Thompson v Warr*, No. 360999,

5

2023 WL 4144643 (Mich. App. June 22, 2023) is similarly misplaced.[3] Again, in so far as the Court's jurisdiction to hear Plaintiffs' legal malpractice claim, the question of *when* the legal malpractice claim accrued is a "red herring." Because the estate has a continuing interest in the legal malpractice claim resulting from the global settlement, Plaintiffs have standing to prosecute it.

**ORDER**

For the reasons set forth above and in the Court's August 9, 2024 Opinion and corresponding Order,

IT IS HEREBY ORDERED that the Motion for Reconsideration filed by Recovery Law Group and Desirae Bedford is DENIED.

**Signed on September 3, 2024**

/s/ Joel D. Applebaum
**Joel D. Applebaum**
**United States Bankruptcy Judge**

---

[3] In their Motion for Reconsideration, Defendants ask "the Court to reconsider its Order based upon new evidence in the form of caselaw from the Michigan Court of Appeals which is directly on-point with the facts in this adversary action." (Dkt. No. 55, p.2) However, the caselaw referenced by Defendants was decided in June 2023. A year-old case is neither "new" nor "evidence."