## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In re:

John Frederick Shastal, Jr.           Case No. 20-31468-jda
Kimberly Ann Shastal,                 Chapter 7
                                      Hon. Joel D. Applebaum
   Debtors.
_____/

SAMUEL D. SWEET, Chapter 7
Trustee for the Estate of Debtors,
John Frederick Shastal Jr. and
Kimberly Ann Shastal, and
JOHN FREDERICK SHASTAL,
an individual, and KIMBERLY
ANN SHASTAL, an individual,

   Plaintiffs,

v.                                    Adv. No. 24-3033

MAJORS LAW, PLLC,
a Professional Limited Liability
Company, SHEENA L. MAJORS,
an individual, DESIRAE BEDFORD,
an individual and RECOVERY LAW GROUP,
a Professional Corporation,

   Defendants.
_____/

### OPINION AND ORDER DENYING RECOVERY LAW GROUP'S MOTION FOR RECONSIDERATION OF OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO RECOVERY LAW GROUP'S LIABILITY FOR LEGAL MALPRACTICE

This matter is before the Court on defendant Recovery Law Group's Motion for Reconsideration of this Court's Opinion and Order Granting Plaintiffs' Motion for Partial Summary Judgment as to Recovery Law Group's Liability for Legal Malpractice issued on February 7, 2025. (Adv. Dkt. Nos. 124, 125) (the "February 7th Opinion"). Defendant moves for reconsideration of the Court's February 7th Opinion under Fed. R. Civ. P. 59, incorporated into adversary proceedings by Fed. R. Bankr. P. 9023, "due to manifest errors of law and fact, as well as the Court's failure to hold the in-person hearing it had ordered, depriving Defendant of an opportunity to be heard and present evidence detailing disputed matters of fact that exist." (Adv. Dkt. 128, Motion for Reconsideration, ¶ 3, at 2).

Considering this is a case alleging legal malpractice, Defendant ironically relies on incorrect authority by moving for reconsideration under Fed. R. Civ. P. 59, incorporated into adversary proceedings by Fed. R. Bankr. P. 9023. Instead, Rule 9024-1(a) of the Local Rules for the United States Bankruptcy Court for the Eastern District of Michigan provides the applicable standard for a motion for reconsideration, and it is this Rule which governs the instant motion. *See In re Greektown Holdings, LLC*, 728 F.3d 567, 574 (6th Cir. 2013) (applying Eastern District of Michigan local bankruptcy rule on motion for reconsideration rather than the Federal Rules of Civil Procedure). Under our local rule, a motion for reconsideration will be granted *only* if the movant demonstrates that the Court and

2

the parties have been misled by a palpable defect and that a different disposition of the case must result from a correction of such palpable defect. A motion that merely presents the same issues already ruled upon by the Court, either expressly or by reasonable implication, will not be granted. E.D. Mich. LBR 9024-1(a)(3).[1]

With respect to Defendant's argument that this Court's February 7th Opinion contained errors of fact, Defendant did not raise *any* issues of material fact in its

---

[1] This is not the first time Recovery Law Group has relied on an improper standard for motions for reconsideration in the Bankruptcy Court for the Eastern District of Michigan. This Court previously explained the proper standard for a motion for reconsideration in its Opinion and Order Denying Recovery Law Group's Amended Motion for Reconsideration of this Court's denial of its Motion to Dismiss issued on September 3, 2024. (Adv. Dkt. No. 60). The apparent refusal to accept this Court's earlier rulings is the cause of some of what Recovery Law Group refers to as this Court's fatigue. (*See,* Adv. Dkt. 128, Brief in Support of Motion for Reconsideration, at 7).

This Court further notes that the Notice filed by Defendant served concurrently with the instant Motion for Reconsideration is defective. (Adv. Dkt. No. 129). The Notice improperly states:

> If you do not want the court to [sic] this motion, or if you want the court to consider your views on the motion, then within 21 days you or your attorney must:  File with the court a written response, an answer, explaining your position . . .
> …
> If a response or answer is timely filed or served, the clerk will schedule a hearing on the motion and you be served with a notice of the date time and location of the hearing.

Under Local Rule 9024-1(a)(2), neither responses to, nor oral argument on, motions for reconsideration are allowed unless the court otherwise orders. This Court has not ordered such, nor for the reasons discussed below are responses or oral argument necessary.

Response to Plaintiffs' Motion for Partial Summary Judgment and conceded that all of the material facts were undisputed. (Adv. Dkt. No. 113, ¶1). Moreover, Defendant did not attach *any* exhibits, deposition transcripts, affidavits, or expert reports to its Response which might support a finding that there remained material factual issues in dispute. Issues of fact cannot be established by argument alone. To this point, and as this Court explained in its February 7th Opinion:

> Once the plaintiff meets his or her initial burden, the burden then shifts to the non-moving party who must show some material fact as to which a genuine dispute exists. Rule 56(e)(2) states that, when a motion for summary judgment is properly made and supported, the non-moving party may not rely on mere allegations in its pleadings or simple denials but must produce specific facts showing a genuine issue for trial. **The failure to present any evidence to counter a well-supported motion is alone grounds to grant the motion.** *Everson v. Leis*, 556 F 3rd 484, 496 (6th Cir. 2009), *citing Skousen v. Brighton High School*, 305 F.3rd 520, 528 (6th Cir. 2002).

Adv. Dkt. No. 124, Opinion Granting Partial Summary Judgment at 45 (emphasis added). Because Defendant did not raise any issues of fact, this Court determined that it could rule on the matters of law before it. Defendant's attempt to create material issues of fact in dispute in this Motion for Reconsideration, having failed to raise any issues of fact in its Response, does not create grounds for reconsideration.

Defendant next argues that this Court erred on matters of law. Under our local rule, a motion for reconsideration will be granted *only* if the movant demonstrates that the Court and the parties have been misled by a palpable defect and that a different disposition of the case must result from a correction of such palpable defect.

4

A motion that merely presents the same issues already ruled upon by the Court, either expressly or by reasonable implication, will not be granted. E.D. Mich. LBR 9024-1(a)(3). Recovery Law Group concedes that legal malpractice occurred in this case,[2] but argues, as a matter of law that: (1) the Bankruptcy Court does not have jurisdiction to hear this matter; (2) litigation of the legal malpractice claims against Recovery Law Group by the Debtors and the Trustee is impermissible and constitutes an improper assignment of claims; (3) the legal malpractice claim is barred by the statute of limitations; (4) the malpractice claim is not property of the estate; and (5) Recovery Law Group is not vicariously liable for Sheena Majors' conduct because it was so far removed from Recovery Law Group's established policies and practices.[3]

_____

[2] In Defendant's Motion for Reconsideration, Defendant concedes that the Court's "42-page litany [set forth in the Opinion] clearly identifies the malpractice and malfeasance of Sheena Majors," thus leaving open only the question of Defendant's vicarious liability. Defendant's concession, however, is woefully incomplete. In its February 7th Opinion, the Court specifically identified numerous instances of Defendant's malpractice, independent of any actions or inactions by Ms. Majors.

[3] Defendant relied upon *Hamed v. Wayne County*, 803 N.W.2d 237 (Mich. 2011)(employer not vicariously liable for the sexual assault committed by deputy sheriff) and *Zsigo v. Hurley Medical Center*, 716 N.W.2d 220 (Mich. 2006)(hospital not liable for the sexual assault by a nursing assistant) for the proposition that employers cannot be vicariously liable for employees' actions outside the scope of their employment. These cases, however, specifically found that an employer cannot be held to be vicariously liable for the unforeseeable *criminal acts* of its employees. In this case, there are no allegations of criminal acts undertaken by Ms. Majors.

5

This Court has already addressed each of Recovery Law Group's arguments in several lengthy opinions holding that: (1) the Bankruptcy Court has jurisdiction to hear this matter;[4] (2) litigation of the legal malpractice claims against Recovery Law Group by the Debtors and the Trustee is permissible and does not constitute an improper assignment of claims;[5] (3) the legal malpractice claim is not barred by the statute of limitations;[6] (4) the malpractice claim is property of the estate;[7] and (5) Recovery Law Group is vicariously liable for Majors' conduct.[8]   Accordingly,

---

[4] *See* Adv. Dkt. No. 44, Opinion Denying Motion to Dismiss Adversary Proceeding at 32-48.

[5] *See*, Main Case Dkt. No. 221, Order Approving Compromise; Main Case Dkt. No. 264, Opinion and Order Denying Motion to Vacate Order Approving Compromise.

[6] *See*, Adv. Dkt. No. 44, Opinion Denying Motion to Dismiss Adversary Proceeding at 48-54; Adv. Dkt. No. 60, Opinion Denying Amended Motion for Reconsideration; Adv. Dkt. No. 98, Opinion and Order Denying Stay Pending Appeal.

[7] *See*, Main Case Dkt. No. 264, Opinion and Order Denying Motion to Vacate Order Approving Compromise; Adv. Dkt. No. 44, Opinion Denying Motion to Dismiss Adversary Proceeding at 48-54; Adv. Dkt. No. 60, Opinion Denying Amended Motion for Reconsideration; Adv. Dkt. No. 98, Opinion and Order Denying Stay Pending Appeal.

[8] *See*, Adv. Dkt. No. 124, Opinion Granting Plaintiffs' Motion for Partial Summary Judgment at 57-60. This Court further notes that Majors was terminated by Recovery Law Group by November 18, 2021, at the latest, when Desirae Bedford appeared on behalf of Recovery Law Group.  (Ms. Majors asserts that the date of her termination was much earlier, in April 2021). This Court's February 7th Opinion set forth more than ample evidence of Defendant's legal malpractice both before and after Majors' employment was terminated (regardless of the date used).  Ultimately, however, the Court found that Majors was an employee of Recovery Law Group and that Recovery Law Group was, therefore, vicariously liable for her conduct, in addition to the conduct of other Recovery Law Group employees.

Defendant has not demonstrated that the Court and the parties have been misled by a palpable defect and that a different disposition of the case must result. If Defendant believes that this Court has made errors of law, these errors may be addressed on appeal, when the time for appeal is appropriate. *See e.g.*, F. R. Bankr. P. 8003 (appeals as of right from final orders and judgments). The Court is satisfied that its various opinions and orders, including its 64 page February 7th Opinion, provided a sufficiently "rigorous legal analysis"[9] of the issues presented justifying both the denial of this Motion and the granting of partial summary judgment.

Defendant further seeks reconsideration of this Court's ruling on the grounds that it was prejudiced when an in-person hearing on Plaintiffs' Motion for Summary Judgment, scheduled for February 26, 2025, was cancelled as unnecessary after the Court issued its February 7th Opinion. Defendant asserts that not holding the in-person hearing deprived it of "an opportunity to be heard and present evidence detailing disputed matters of fact that exist" and "required [Defendant] to make travel arrangements, arrange for witnesses, incur expenses and prepare to appear." (Adv. Dkt. No. 128, Motion for Reconsideration, at 2; Brief in Support, at 10).

Hearings on motions for summary judgment, by definition, are not evidentiary hearings, and thus witness testimony or the introduction of evidence is neither necessary nor permitted. Hearings on motions for summary judgment are

---

[9] *See*, Adv. Dkt. 128, Brief in Support of Motion for Reconsideration, at 2.

opportunities for a court to ask questions or for a litigant to explain his or her legal arguments. Any material issues of fact in dispute should have been raised in Defendant's Response. Because no issues of fact in dispute were raised in the Defendant's Response, and Defendant acknowledged that there were none, the Court was able to issue a ruling based on the written record. As a self-described internet law firm with a national practice, Defendant is presumably familiar with the dynamic nature of litigation and motion practice, including the need for adjournments or hearing cancellations, which might necessitate altering or cancelling travel arrangements. The possibility that oral argument would be cancelled, something the Court is permitted in its discretion to do, should not have come as a complete surprise.

Defendant paradoxically claims that the scheduling of an in-person hearing was punitive and meant to punish Defendant alone because Defendant's counsel had the longest distance to travel to this Court. (Adv. Dkt. No. 128, Brief in Support of Motion for Reconsideration, at 2). It is difficult to understand how Defendant can complain that an in-person hearing was "punitively" scheduled while simultaneously asserting that it was prejudiced by the cancellation of the punitively scheduled hearing. Defendant apparently fails to realize that holding in-person oral arguments in substantively complex and/or contentious cases is the practice of this Court and is specifically provided for in this Court's *Notice Regarding Conduct of Hearings*

8

dated April 8, 2022, easily accessible on the Court's website. In-person hearings may benefit the Court and the oralists because it reduces any confusion regarding who is speaking, minimizes the amount of speaking-over one another that can occur in telephonic hearings, and creates further opportunities for the parties to engage in settlement discussions.

Nevertheless, because there were no material factual issues in dispute and the Court could resolve the legal issues without oral argument (having addressed all of them previously and many of them repeatedly), the Court cancelled the in-person hearing with almost 3 weeks' notice to the parties, thereby saving all parties time and money.

## ORDER

Accordingly, because Defendant has not demonstrated a palpable defect by which the Court and the parties have been misled and which would result in a different disposition of the case,

IT IS HEREBY ORDERED that the Motion for Reconsideration filed by Recovery Law Group is DENIED.

**Signed on February 28, 2025**



/s/ Joel D. Applebaum
_____

**Joel D. Applebaum**
**United States Bankruptcy Judge**