UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

| | |
|---|---|
| John Frederick Shastal, Jr.<br>Kimberly Ann Shastal,<br><br>    Debtors.<br>_____/ | Case No. 20-31468-jda<br>Chapter 7<br>Hon. Joel D. Applebaum |
| SAMUEL D. SWEET, Chapter 7<br>Trustee for the Estate of Debtors,<br>John Frederick Shastal Jr. and<br>Kimberly Ann Shastal, and<br>JOHN FREDERICK SHASTAL,<br>an individual, and KIMBERLY<br>ANN SHASTAL, an individual,<br><br>    Plaintiffs, | |
| v. | Adv. No. 24-3033 |
| MAJORS LAW, PLLC,<br>a Professional Limited Liability<br>Company, SHEENA L. MAJORS,<br>an individual, DESIRAE BEDFORD,<br>an individual and RECOVERY LAW GROUP,<br>a Professional Corporation,<br><br>    Defendants.<br>_____/ | |

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART RECOVERY LAW GROUP'S MOTION FOR RECONSIDERATION OF THE COURT'S JULY 1, 2025 ORDER IMPOSING SANCTIONS

The matter before the Court is Recovery Law Group's Motion for Reconsideration of this Court's Order Imposing Sanctions issued on July 1, 2025. (Dkt. 171).

For the reasons set forth below, this Court GRANTS Recovery Law Group's Motion for Reconsideration *only* with respect to the sanctions portion of the Court's Order Imposing Sanctions. The Court DENIES the Motion for Reconsideration with respect to this Court's directive that Recovery Law Group, *and not the United States Trustee*, file with the Court the information requested in the Court's June 23, 2025 Order Requiring the Production of Information. (Dkt. 169). The required information, the relevance of which is again explained below, includes a list of all cases filed in the Eastern District of Michigan in which Recovery Law Group is or was involved from January 1, 2025 to the present, including: (1) the debtor(s)' name; (2) case number; and (3) the name of the local attorney(s) employed by, partners with and/or associated with Recovery Law Group in connection with each of these cases **This information must be filed with the Court by August 6, 2025**.

I.

FACTUAL BACKGROUND

On June 23, 2025, this Court issued an Order Requiring the Production of Information seeking information about Recovery Law Group-affiliated attorneys

practicing in the Eastern District of Michigan and the clients they are representing. (Dkt. 169). The Order stated:

> In order to evaluate Plaintiffs' motion for Court-ordered mediation and their motions for summary judgment under § 526, this Court orders Recovery Law Group (or the United States Trustee to the extent it has this information readily available) to provide this Court with a list of all cases in which Recovery Law Group is or was involved or associated in the Eastern District of Michigan from January 1, 2020 to the present. The list shall include the Debtor(s)' name and case number, and the name of the local attorneys employed by, partners of and/or associated with Recovery Law Group in connection with each of these cases.

The Order required compliance by June 30, 2025.

On July 1, 2025, the Court issued its Order Imposing Sanctions on Recovery Law Group for Failing to Comply to the June 23, 2025 Order. In this Order, the Court imposed a sanction of $5,000, stating that "it has inquired about this same information several times during prior Court hearings but that information has not been forthcoming" and "this is not the first time Recovery Law Group has failed to respond to this Court's orders, or appear at scheduled hearings, or comply with the Federal Rules of Bankruptcy Procedure or the Local Rules for the Bankruptcy Court for the Eastern District of Michigan. *See generally, Sweet v. Majors Law, PLLC (In re Shastal)*, 2025 WL 439075 (February 7, 2025)." (Dkt. 171).

On July 9, 2025, Recovery Law Group filed the instant Motion for Reconsideration. (Dkt. 179).

## II.

## ANALYSIS

After reviewing its Order Requiring the Production of Information, which referenced both Recovery Law Group and the United States Trustee as potential sources for the requested information, this Court allows that the Order was not specific enough as to which party was primarily responsible for providing the requested information to the Court. For this reason, this Court GRANTS the Motion for Reconsideration only with respect to the imposition of monetary sanctions against Recovery Law Group.

To rectify any remaining ambiguity, however, this Court is explicitly relieving the United States Trustee of any obligation to produce documents responsive to the Court's Order Requiring the Production of Information. Because Recovery Law Group avers that it employs or partners with attorneys and maintains clients in the Eastern District of Michigan, it must produce a list of those attorneys and clients for this Court. As the United States Trustee explained at the hearing on Plaintiffs' Motion for Court-Ordered Mediation (Dkt. 161) held on July 2, 2025, whatever information the United States Trustee has in its possession came from Recovery Law Group, and only Recovery Law Group can attest to its completeness. Because the United States Trustee cannot attest to the completeness of the information it was

provided, Recovery Law Group's suggestion that the United States Trustee is better suited to provide that information is rejected. (*See*, Dkt. 179, ¶ 17).[1]

With the exception of the portion of the Order which imposes sanctions on Recovery Law Group and the portion of the Order which relates to the United States Trustee (discussed *supra)*, this Courts DENIES the remainder of Recovery Law Group's Motion for Reconsideration and reiterates its directive set forth in the Order Requiring the Production of Information. *The deadline for production of the required information is August 6, 2025.*

Although the Court is reversing the imposition of monetary sanctions, Recovery Law Group raised a number of topics in its Motion for Reconsideration which this Court feels compelled to briefly address. First, Recovery Law Group asserts that the information the Court orders to be produced is irrelevant, beyond the scope of these proceedings and raises issues of procedural fairness. (Dkt. 179, ¶ 21).[2] This assertion is specious.

---

[1] Because Recovery Law Group has repeatedly stated on the record that it has provided all or substantially all of this information to the United States Trustee, *see e.g.*, Dkt. 179, ¶ 7, producing this information to the Court should not be difficult.

[2] Specifically, Recovery Law Group states in ¶ 21, "… it constitutes manifest injustice to impose a punitive sanction for failure to comply with an order that directs the production of information so far afield from the Shastals' individual claims as to raise serious questions about relevance, scope and procedural fairness."

To enhance Recovery Law Group's understanding why the Court-ordered document production is not "so far afield," but rather is highly relevant to these proceedings and the Court's denial of the Motion for Approval of Settlement of Adversary Proceeding, it is helpful to review § 526 of the Bankruptcy Code and the Court's inherent power to sanction parties for improper conduct. *See Mapother & Mapother, PSC v. Cooper (In re Downs)*, 103 F.3d 472, 477 (6th Cir. 1996) ("Bankruptcy Courts, like Article III courts, enjoy inherent power to sanction parties for improper conduct . . . . It follows that the bankruptcy court is vested with the inherent power to sanction attorneys for breaches of fiduciary obligations." This includes failure to obey the mandates of §329 and Fed. R. Bankr. P. 2016 concerning disclosure.)[3]

---

[3] Nothing in this review of § 526 or the Court's inherent power to sanction should come as a surprise to Recovery Law Group given the myriad opinions sanctioning Recovery Law Group for such violations. *See, e.g., In re Recovery Law Group, APC, d/b/a Wajda Law,* No. 24-31714, et. al, 2025 WL 1074362 (Bankr. E.D. Va., April 7, 2025)(court disgorged attorneys' fees, imposed monetary sanctions and barred RLG from practice for "woefully deficient legal services"); *In re Recovery Law Group (Cheney, United States Trustee v. Watson and Recovery Law Group, APC)*, No. 24-00301, 2025 WL 1090893 (Bankr. E.D. Va, April 7, 2025)(order entering opinion, *supra*); *In re Thomas*, 657 B.R. 613 (Bankr. C.D. Ill. 2024) (RLG denied all fees and ordered to disgorge any amounts already paid for filing documents with inaccurate information, making no effort to inquire as to the accuracy of the information provided in the petition, and filing numerous documents that were stricken); *In re Gibson*, 658 B.R. 706 (Bankr. S.D. Ga. 2024) (RLG's contract with debtors rendered void and RLG sanctioned for failing to disclose fee sharing, failing to investigate the debtor's financial circumstances, and violating Rule 9011(b)(3)); *In re White*, 659 B.R. 68 (Bankr. D.S.C. 2024) (civil penalty imposed on RLG for violating §526(a)(2) by making misrepresentations); *In re*

Section 526 was enacted under the Bankruptcy Abuse and Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. No. 109-8, 119 Stat. 23, to help curb abuse of the bankruptcy system which included misconduct by attorneys and other professionals. *In re Sauzo*, 655 F. Supp. 3d 1094, 1099-1100 (D. Colo. 2023) citing H.R. Rep. No. 31, 109th Cong., 1st Sess. Pt. 1, at 17 (2005). To this end, Congress modified and added provisions to the Bankruptcy Code which required additional disclosures to clients about their rights and the responsibilities owed them by the professionals representing them; protected clients from false promises and against being overcharged, or charged for services never provided; and discouraged misuse of the bankruptcy system. *Id. citing, e.g.,* 11 U.S.C. § 110(b)-(h), 11 U.S.C. §§ 526-528, 11 U.S.C. § 707(b)(4)(C)-(D). Specifically, 11 U.S.C. § 526(a) mandates debt relief agencies such as Recovery Law Group comply with statutorily imposed standards of professional conduct, including but not limited to:

• requiring bankruptcy attorneys to perform all promised services (§ 526(a)(1));

• prohibiting bankruptcy attorneys from making an "untrue or misleading" statement in a document filed in a case (§ 526(a)(2)); and

---

*Burnett*, No. 21-02018, 2022 WL 802586 (Bankr. D.S.C. 2022, March 16, 2022) (court imposed civil penalty and enjoined RLG from filing cases where RLG filed a disclosure with untrue and misleading information and failed to perform services it informed the debtor it would perform); *In re Green*, No. 20-03190, 2021 WL 5177427 (Bankr. D.S.C., November 3, 2021) (court imposed monetary sanctions and voided employment contracts for RLG's violation §526(a)(1), (2), and (3)(A)).

> • precluding bankruptcy attorneys from misrepresenting "directly or indirectly, affirmative or by material omission" the services they will provide or the benefits and risks attendant to filing for bankruptcy (§ 526(a)(3)).

Section 526(c) sets forth remedies for violations of the statute, including but not limited to:

> • providing that a contract for bankruptcy assistance that does not comply with these provisions is void and unenforceable (§526(c)(1));
>
> • providing that a bankruptcy attorney who intentionally or negligently fails to comply with these provisions is liable for fees already received, actual damages, and attorneys' fees. A bankruptcy attorney is equally liable for the same if the client's case was dismissed or converted because of the attorney's intentional or negligent failure to file required documents, including those required under 11 U.S.C. § 521 (requiring the debtor to file various financial schedules and statements)(§526(c)(2));
>
> • allowing the court to issue an injunction or impose civil penalties if there is a clear and consistent pattern of violating § 526 (§ 526(c)(5))

In this case, the § 526 issues were raised by the Court early in the Debtors' bankruptcy case. For example, during a July 21, 2021 hearing on a potential compromise between the chapter 7 Trustee and the Debtors regarding the treatment of Debtors' non-exempt equity in their home, the Court learned that, although Sheena Majors of Majors Law, LLC was counsel of record, the Shastals did not know her, had not spoken with her and believed that their counsel was Recovery Law Group. Pursuant to an Order to Show Cause, as subsequently amended, the

Court first learned that Recovery Law had been paid by the Debtors, that Sheena Majors receive payment from Recovery Law for her work on the case, and that she was allegedly a non-equity partner/employee of Recovery Law Group. While such disclosures are required under Fed. R. Bankr. P. 2016(b),[4] neither the Shastals' petition nor the Rule 2016(b) Statement filed in the Shastals' case disclosed that Recovery Law Group was actually Debtors' counsel.

The § 526 issue was also raised in the instant adversary case in the Amended Complaint as one of two counts alleged against Recovery Law Group. (Dkt. 9, Count II). In an effort to determine the extent of any violations of § 526, this Court directed Recovery Law Group on multiple occasions to disclose the names of those attorneys practicing in the Bankruptcy Court for the Eastern District of Michigan with whom they are affiliated, whether as partners or employees, and the names of the cases with which they are involved on Recovery Law Group's behalf. Recovery Law Group admitted that it represented other debtors in the Eastern District of Michigan, utilizing various attorneys, including Morrie Lefkowitz and Lauren Hoenig (Dkt. 156 at 6:21), initially claiming that its total caseload in this District was approximately ten or eleven cases. The Court only recently learned from Morrie

---

[4] Under Fed. R. Bankr. P. 2016(b), where compensation has been shared or a compensation sharing agreement exists, Rule 2016(b) requires a statement including "the particulars of any such sharing or agreement to share by the attorney . . ."

9

Lefkowitz directly that he alone has "about 100" bankruptcy cases pending in this district as a Recovery Law Group attorney.[5] (Dkt. 176 at 40:06).

The information the Court requires Recovery Law Group to produce is necessary to evaluate whether Recovery Law Group has violated § 526, including whether, under § 526(c)(5), there has been a "clear and consistent pattern or practice" of violations by Recovery Law Group, an inquiry that § 526 reserves to the Court. Similarly, this information is necessary in determining whether monetary and/or non-monetary sanctions are appropriate. For these reasons, among others, the information requested is not "far afield." Rather, the Court considers such information extremely relevant and well within the scope of the Plaintiffs' § 526 counts in their respective complaints.[6]

---

[5] After reviewing a few of Morrie Lefkowitz's very recently filed cases, this Court has found that the cases indicate that they are filed by the Lefkowitz Law Group both on the Petition and on the 2016(b) Statement. The Court does note that the email address of mlefkowitz@recoverylawgroup.com is found below "Lefkowitz Law Group" and the physical address of Lefkowitz Law Group, on both the signature page of the petition and on the 2016(b) Statement. *See, e.g., In re Thomas Douglas Miskelley*, Case No. 25-46509, filed on June 26, 2025; *In re Debra Kay Schema*, 25-46145, filed on June 16, 2025; and *In re Keyquanna Denise Richardson*, Case No. 25-46728, filed on July 1, 2025.

[6] Recovery Law also complains that the Court, because of bias or other nefarious reasons, denied the Motion to Approve Compromise of the United States Trustee's Complaint even though all parties agreed to it. The Court, however, was concerned that the proposed compromise did not consider or address whether there were past or on-going disclosure violations by Recovery Law Group and whether monetary or non-monetary sanctions or other forms of injunctive relief are appropriate if such violations are found to have occurred. The proposed compromise simply avoided or

10

24-03033-jda    Doc 192    Filed 07/22/25    Entered 07/22/25 09:25:49    Page 10 of 15

The Court also rejects Recovery Law Group's assertion that somehow this Court's request "raises serious issues of . . . procedural fairness." Without further explanation, this Court is unable to identify any "serious issues of . . . procedural fairness" and, thus, is unable to respond to this allegation. If, however, this reference is directed at the Court's refusal to approve a compromise that divested the Court of its ability to exercise its inherent authority or the authority given to it specifically in § 526(c)(5), this issue was previously explained in footnote 6, *supra*.

Recovery Law Group also objects to this Court's characterization that it has engaged in a "consistent pattern" of non-compliance with Court orders, noting that the Court's Order merely cited one instance in April 2024 where Recovery Law Group failed to appear at a status hearing. Recovery Law Group then points out that, with the appearance of competent counsel, Mr. Mulcahy, Recovery Law Group was more responsive to this Court's directives. (Dkt. 179, 18-19).[7]

---

effectively waived this issue. Like it or not, this Court has a duty to exercise its own independent judgment in analyzing a proposed compromise. *In re NII Holdings, Inc.*, 536 B.R. 61, 98 (Bankr. S.D.N.Y. 2015). Because disclosure violations are reserved to this Court under § 526 and the Court's inherent authority, the Court could not approve any compromise that purported to divest this Court of its ability to consider such issues.

[7] Specifically, ¶¶ 18 and 19 state, "the Court's sanctions order explicitly frames this missed deadline as part of RLG's 'consistent pattern' of non-compliance, citing an April 2024 sanction arising from a single missed hearing caused by a calendaring application error. . . [s]ince Mr. Mulcahy's engagement, RLG has complied with all court directives, appeared at all scheduled hearings, and diligently participated in this litigation."

Recovery Law Group's long history of non-compliance -- with respect to Court orders, attendance at hearings, defective filings, malpractice in connection with its representation of Debtors in this case, among other failings – has previously been described in exhaustive detail. (*See*, Dkts. 44, 124). Moreover, contrary to Recovery Law Group's assertion that, since his involvement, Mr. Mulcahy has only once failed to comply with this Court's order, Mr. Mulcahy has, in fact, failed to comply with Court orders on at least two occasions *prior* to the filing of the instant Motion for Reconsideration and on at least one occasion *since* the Motion for Reconsideration was filed. Mr. Mulcahy failed to appear at the April 3, 2025 hearing and he failed to comply with the Court's order imposing sanctions issued on April 4, 2025 which required Recovery Law Group to pay a sanction of $1,000 by April 24, 2024. (Case No. 20-31468, Dkt. 234). This payment was not made until August 26, 2024, and only in response to this Court's August 13, 2024 Order to Show Cause as to why Recovery Law Group should not be further sanctioned for failing to comply with the Court's April 4, 2024 order imposing sanctions.[8] (Case No. 20-31468, Dkt. 246). Since the filing of the instant Motion for Reconsideration, Mr. Mulcahy has failed to comply with the Court's Order Regarding 11 USC § 526 (Dkt. 160), which required that "contemporaneous with Defendants' filing [of a response

---

[8] This matter was set for a show cause hearing on September 4, 2024.

to Plaintiffs' motion for summary judgment on the § 526 claims] they shall advise the Court whether they will be retaining successor counsel as a result of current counsel's illness." Defendants' filing was made on July 10, 2025 and, to date, this Court has still not been so informed. The Court, therefore, stands by its statement that Recovery Law Group has demonstrated a consistent pattern of non-compliance in this case.

In its Motion for Reconsideration, Recovery Law Group also implies that the Court improperly granted the Plaintiffs' Motion for Court-ordered Mediation (Dkt. 161) because the Order Requiring Production of Information stated (albeit incompletely described by Recovery Law Group) that the Court needed the subject information to rule on that Motion. (Dkt. 179, ¶ 8).[9] Recovery Law Group, however, did not file an objection to the Motion for Court-Ordered Mediation and a proposed order was submitted to the Court for entry on a certificate of no response. (Dkt. 167). The Court, on its own motion, scheduled a hearing for the reasons previously described. *See* footnote 6, *supra*. Recovery Law Group has waived any right to raise issues about a motion to which it did not object. Moreover, notwithstanding the Court's continuing need for the case list and attorney names, it determined that it

---

[9] Specifically, Recovery Law Group cites the following language from the Order Requiring the Production of Information which states the need for the information "[i]n order to evaluate Plaintiffs' motion for Court-ordered mediation *and their motions for summary judgment under § 526*" (Dkt. 179, ¶ 8) (emphasis added).

13

could rule on the Motion for Court-ordered Mediation without such information because the Court made clear in its Order that, notwithstanding mediation, "the Court reserve[d] to itself what, if any, relief the Court should impose under § 526(c)(5)." But the case list and attorney names are necessary for the Court to determine, among other things, whether there has been a "consistent pattern or practice" of violating § 526 and Recovery Law Group is on notice that the failure to provide such information may result in further sanctions. *See, e.g.*, Fed. R. Civ. P. 37(b)(2), incorporated into bankruptcy adversary proceedings by Fed. R. Bankr. P. 7037.

## ORDER

Accordingly, for the reasons set forth above,

**IT IS HEREBY ORDERED** that Recovery Law Group's Motion for Reconsideration is GRANTED *only* with respect to the monetary sanction imposed in the Court's Order Imposing Sanctions. The Court vacates that portion of its previous Order requiring Recovery Law Group to pay $5,000.

**IT IS FURTHER ORDERED** that the United States Trustee is relieved of any obligation to provide information to the Court under the Order Requiring Production of Information.

**IT IS FURTHER ORDERED** that the Motion for Reconsideration with respect to this Court's Order directing Recovery Law Group to provide case-related information is DENIED.

**IT IS FURTHER ORDERED** that Recovery Law Group shall file with the Court a list of all cases filed in the Eastern District of Michigan in which Recovery Law Group is or was involved from January 1, 2020 to the present including: (1) the debtor(s)' name; (2) case number; and (3) the name of the local attorney(s) employed by, partnered with and/or associated with Recovery Law Group in connection with each of these cases. This information shall be filed with the Court no later than August 6, 2025.

**Signed on July 22, 2025**



/s/ Joel D. Applebaum
**Joel D. Applebaum**
**United States Bankruptcy Judge**