## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In re:

John Frederick Shastal, Jr.    Case No. 20-31468-jda
Kimberly Ann Shastal,     Chapter 7
             Hon. Joel D. Applebaum

  Debtors.
_____/

SAMUEL D. SWEET, Chapter 7
Trustee for the Estate of Debtors,
John Frederick Shastal Jr. and
Kimberly Ann Shastal, and
JOHN FREDERICK SHASTAL,
an individual, and KIMBERLY
ANN SHASTAL, an individual,

  Plaintiffs,

v.            Adv. No. 24-03033-jda

MAJORS LAW, PLLC,
a Professional Limited Liability
Company, SHEENA L. MAJORS,
an individual, DESIRAE BEDFORD,
an individual and RECOVERY LAW GROUP, APC

  Defendants.
_____/

ANDREW R. VARA, United States Trustee,

  Plaintiff,

v.            Adv. No. 24-03076-jda

RECOVERY LAW GROUP, APC and

SHEENA MAJORS,

    Defendants.

_____/

## OPINION GRANTING SUMMARY JUDGMENT TO THE UNITED STATES TRUSTEE WITH RESPECT TO 11 U.S.C. § 526

This matter is before the Court on the United States Trustee's Motion for Partial Summary Judgment (the "Motion") regarding the liability of Recovery Law Group under 11 U.S.C. § 526 (Dkt. No. 165). For the reasons set forth below, complete relief can be granted and, therefore, this Court GRANTS summary judgment in full.[1]

## I.    FACTUAL BACKGROUND

This adversary proceeding arises from the joint Chapter 7 bankruptcy proceeding of John and Kimberly Shastal (the "Shastals" or "Debtors") (Case No. 20-31468-jda, Dkt. No. 1). The facts of this case have been extensively documented and annotated by this Court both chronologically (Dkt. No. 44) and by topic (Dkt.

---

[1] The Chapter 7 Trustee and the Shastals filed a separate joint motion for partial summary judgment (Dkt. No. 162). Although these adversary proceedings are being jointly administered, because of the different relief being requested, among other reasons, the Shastals' and Trustee's motion is the subject of a separate opinion of the Court. Unless otherwise noted, all references in this Opinion are to the record in Adversary Case Number 24-3033.

No. 124).  This Court adopts and incorporates by reference the facts as set forth in those Opinions.

## II. PROCEDURAL HISTORY SINCE THE ISSUANCE OF THE COURT'S FEBRUARY 7, 2025 OPINION GRANTING PARTIAL SUMMARY JUDGMENT AS TO LIABILITY FOR LEGAL MALPRACTICE

The procedural history of these jointly administered adversary proceedings prior to February 7, 2025 is detailed in this Court's Opinion Granting Partial Summary Judgment as to Liability of the Recovery Law Group for Legal Malpractice (Dkt. No. 124).

Following the release of its February 7, 2025 Opinion, the Court set a final pre-trial conference for May 14, 2025.  After the Final Pre-Trial Conference was set, the United States Trustee and Recovery Law Group engaged in settlement discussions regarding the United States Trustee's § 526 complaint (Adv. Proc. No. 24-3076) and, on April 25, 2025, the United States Trustee filed a Notice of Pending Settlement Agreement of the § 526 claims in this adversary case (Dkt. No. 150). That same day, the United States Trustee filed a Motion for Order Approving Compromise in the main case (Case No. 20-31468, Dkt. No. 267).[2] The Court set

---

[2] A motion to approve compromise is filed in the main bankruptcy case to insure that all creditors and other parties-in-interest receive notice of the proposed compromise and are given an opportunity to object. *See*, Fed. R. Bankr. P. 9019.

the motion to approve compromise for hearing on May 14, 2025, at the same time as the previously scheduled final pre-trial conference.

Under Fed. R. Bankr. P. 9019(a), the Court has a duty to exercise its own independent judgment in analyzing a proposed compromise. *See*, *In re NII Holdings, Inc.*, 536 B.R. 61, 98 (Bankr. S.D.N.Y. 2015). Following the hearing, the Court denied the motion to approve the proposed compromise.[3] Moreover, because likelihood of success on the merits is an essential consideration of the approval of any proposed settlement (*See, In re Bard*, 49 Fed. Appx. 528, 530 (6th Cir. 2002) *citing Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968)), the Court directed the Plaintiffs to file motions for partial summary judgment "addressing the sole issue of what effect the Court's granting of partial summary judgment on the legal malpractice claim in Count 1 of Plaintiffs' [Shastals' and Chapter 7 Trustee'] Complaint has on Count 2, alleged violation of 11 USC § 526." (Dkt. No. 160, p. 2)

---

[3] As explained then and subsequently reiterated in its Opinion and Order Granting in Part and Denying in Part Recovery Law Group's Motion for Reconsideration of the Court's July 1, 2025 Order Imposing Sanctions (Dkt. No. 192), the Court was concerned that the proposed compromise did not address past or on-going disclosure violations by Recovery Law Group or whether monetary or non-monetary sanctions would be appropriate if such violations were found to have occurred. The proposed compromise effectively waived these issues. Moreover, because sanctions for disclosure violations are reserved to the Court under § 526 and are part of the Court's inherent authority, discussed *infra*, the Court would not approve a compromise that purported to divest this Court of its ability to consider such issues.

4

The Debtors and the Chapter 7 Trustee filed their Motion for Partial Summary Judgment on June 12, 2025 (Dkt. No. 162). The United States Trustee filed his Motion for Partial Summary Judgment on June 13, 2025 (Dkt. No. 165).

On July 11, 2025, Recovery Law Group filed its response in opposition to those motions (the "Response," Dkt. No. 183). Recovery Law Group's Response, like its previous response to Plaintiffs' Motion for Partial Summary Judgment as to Liability of the Recovery Law Group for Legal Malpractice, was unsupported by any exhibits, affidavits, deposition transcripts, admissions, interrogatory answers or other evidence. *See* Fed. R. Civ. P. 56(c), incorporated into bankruptcy adversary proceedings by Fed. R. Bankr. P. 7056. The Response, however, repeatedly asserted that "Recovery Law Group has submitted uncontroverted evidence establishing that its standard onboarding procedures, internal policies, and training materials explicitly direct attorneys to disclose the firm's role, properly configure filing software, and accurately report fee arrangements in full compliance with Rule 2016(b)." Because Recovery Law Group attached nothing in support of its Response and did not indicate where in the record such "uncontroverted evidence" might be located, the Court ordered "Recovery Law Group [to] indicate where in the record this can be found, indicating both the docket number and page number no later than July 16, 2025." (Dkt. No. 185). Recovery Law Group's supplemental response attached nothing, described nothing, and provided no citations to the extensive

5

record in this adversary proceeding or in the main bankruptcy case (Dkt. No. 188).

Instead, Recovery Law Group again sought to shift all blame to Sheena Majors, its

non-equity partner/employee, notwithstanding the Court's earlier Opinion holding

Recovery Law Group directly liable for its own considerable legal malpractice and

vicariously liable for Ms. Majors' failings. *Id*.

On July 23, 2025, the Court issued its Corrected Opinion and Order Granting

in Part and Denying in Part Recovery Law Group's Motion for Reconsideration of

the Court's July 1, 2025 Order Imposing Sanctions. That Order provided that:

> Recovery Law Group shall file with the Court a list of all cases filed in
> the Eastern District of Michigan in which Recovery Law Group is or
> was involved from January 1, 2020 to the present including: (1) the
> debtor(s)' name; (2) case number; and (3) the name of the local
> attorney(s) employed by, partnered with and/or associated with
> Recovery Law Group in connection with each of these cases. This
> information shall be filed with the Court no later than August 6,
> 2025.

In response, Recovery Law Group filed a list of 222 cases allegedly filed since

2022, along with a statement that "because Recovery Law Group twice changed its

Case Management System and platform, information on cases filed prior to 2022,

are not available in RLG's records." (Dkt. No. 197) However, even for cases filed

in this District by Recovery Law Group beginning in 2022, the list provided by

Recovery Law Group was inaccurate and incomplete (*See,* Dkt. No. 201, Plaintiff

United States Trustee's Exhibit List for Hearing on Motion for Partial Summary

Judgment).

On August 13, 2025, the Court held oral argument on both of the filed Motions for Partial Summary Judgment at the conclusion of which the Court took the matters under advisement.

Following oral argument, the Court directed Recovery Law Group to file with the Court copies of all of its contracts with the local attorneys with whom it has been working. Although copies were provided to the Court, they were not filed on the docket because Recovery Law Group claimed the contracts were "proprietary." The Court directed Recovery Law Group to either file the contracts on the docket or file a motion under § 107 of the Bankruptcy Code and Fed. R. Bankr. P. 9018 to adjudicate whether the contracts can or should be sealed. To date, Recovery Law Group has done neither.

## III. JURISDICTION AND RELATED ISSUES

Federal bankruptcy jurisdiction is defined by 28 U.S.C. § 1334. Section 1334(a) confers upon district courts "original and exclusive jurisdiction of all cases under title 11." Section 1334(b), in turn, confers upon the district courts "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."

This Court has "arising under" jurisdiction over the United States Trustee's adversary proceeding. The term "arising under" title 11 means those causes of action

*created or determined* by a statutory provision of title 11. *See, In re Nu-Cast Step &* *Supply, Inc.*, 639 B.R. 440, 446-447 (Bankr. E.D. Mich. 2021). The *Nu-Cast* court gives the example of an action to recover preferential transfers under 11 U.S.C. § 547. In this case, the United States Trustee asserts a claim under § 526 of the Bankruptcy Code, which is another example of a cause of action *created or* *determined* by a statutory provision of title 11. For this reason, this Court has subject matter jurisdiction over this § 526 claim "arising under" title 11. This matter is also a core proceeding under 11 U.S.C. § 157(b) over which the Court has the authority to enter a final order.

In addition to being a "core" matter over which this Court has "arising under" jurisdiction, this Court has the statutory authority to enjoin Recovery Law Group or impose an appropriate civil penalty "if the court, on its own motion or on the motion of the United States trustee or the debtor, finds that [Recovery Law Group] intentionally violated [§ 526], or engaged in a clear and consistent pattern or practice of violating [§ 526]. 11 U.S.C. § 526(c)(5). The Court also has the inherent power to sanction parties for improper conduct. *Mapother & Mapother, PSC v. Cooper (In* *re Downs)*, 103 F.3d 472, 477 (6th Cir. 1996)("Bankruptcy courts, like Article III courts, enjoy inherent power to sanction parties for improper conduct," including violations of § 329 and Bankruptcy Rule 2016(b)).

Recovery Law Group is not entitled to a jury trial with respect to alleged violations of 11 U.S.C. § 329 and Fed. R. Bankr. P. 2016(b) (s*ee*, *In re Aquilino*, 135 F.4th 119, 131-132 (3d Cir. 2025)), or under § 526(c)(5) because the Court is the finder of fact ("if the court . . . finds  . . . ."). *See also*, *In re Bacus*, 548 B.R. 742, 745-748 (Bankr. S.D. Tex. 2016) (no jury trial rights for claims under § 526).

## IV.     STANDARD OF REVIEW

The United States Trustee brings its Motion for Partial Summary Judgment pursuant to Fed. R. Civ. P. 56(c), incorporated into adversary proceedings by Fed. R. Bankr. P. 7056. Accordingly, as the party seeking summary judgment, the United States Trustee bears the initial burden of identifying the portions of the record which establish the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1996). Once having met that initial burden, the burden then shifts to Recovery Law Group as the non-moving party who must show some material fact as to which a genuine dispute exists. Fed. R. Civ. P. 56(e)(2) states that, when a motion for summary judgment is properly made and supported, the non-moving party may not rely on mere allegations in its pleadings or simple denials but must produce specific facts showing a genuine issue for trial. The failure to present any evidence to counter a well-supported motion is alone grounds to grant the

motion. *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009) *citing Skousen v. Brighton High School*, 305 F.3d 520, 528 (6th Cir. 2002).[4]

While a court must proceed cautiously in considering subjective issues, the Supreme Court has indicated that the existence of subjective issues does not necessarily foreclose summary judgment. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1990)(synthesizing *Anderson v. Liberty Lobby*, 477 U.S. 242 (1986), *Celotex v. Catrett*, 47 U.S. 317 (1986), and *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986)). Thus, a nonmoving party may not avoid a properly supported motion for summary judgment by simply arguing that it relies solely or in part upon credibility considerations or subjective evidence. Instead, the nonmoving party must present affirmative evidence to defeat a properly supported motion for summary judgment. *Street,* 886 F.2d at 1472. Here, however, there are no subjective issues to be addressed. The Court's ruling on the Motion is based upon the *Statement of Attorney for Debtor(s) Pursuant to F.R.Bankr.P. 2016(b)* filed in the Shastals' bankruptcy case (Case No. 20-31468, Dkt. No. 15, p. 37 of 42)

---

[4] As previously noted, Recovery Law Group's Response, like its previous response to Plaintiffs' Motion for Partial Summary Judgment as to Liability of the Recovery Law Group for Legal Malpractice, was unsupported by any exhibits, affidavits, deposition transcripts, admissions, interrogatory answers or other evidence.

and the myriad *Statements of Attorney for Debtor(s) Pursuant to F.R.Bankr.P. 2016(b)* filed by or on behalf of Recovery Law Group in this District since 2022.[5]

Finally, the Sixth Circuit has concluded that, in the "new era" of summary judgments that has evolved from the teachings of the Supreme Court in *Anderson, Celotex*, and *Matsushita*, trial courts have been afforded considerably more discretion in evaluating the weight of the nonmoving party's evidence. *Street*, 886 F.2d at 1480. The nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Id*. If the record taken in its entirety could not convince a rational trier of fact to return a verdict in favor of the nonmoving party, the motion should be granted. *Id*.; *See also, Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 149-50 (6th Cir. 1995).

## V.     ANALYSIS

### A. Introduction

Section 526 was enacted under the Bankruptcy Abuse and Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. No. 109-8, 119 Stat. 23, to help curb abuse of the bankruptcy system which included misconduct by attorneys

---

[5] The Court may take judicial notice of the *Statements of Attorney for Debtor(s) Pursuant to F.R.Bankr.P. 2016(b)* filed by or on behalf of Recovery Law Group in this District. *In re Steeley*, 243 B.R. 421, n. 10 (Bankr. N. D. Ala. 1999). *See also*, *Lucaj v. Dedvukaj*, 13 F.Supp.3d 753, n.4 (E.D. Mich. 2014) (courts may take judicial notice of court records available to the public through the PACER system).

and other professionals. *In re Sauzo*, 655 F. Supp. 3d 1094, 1099-1100 (D. Colo. 2023) *citing* H.R. Rep. No. 31, 109th Cong., 1st Sess. Pt. 1, at 17 (2005). To this end, Congress modified certain provisions of the Bankruptcy Code and added others which required additional disclosures to clients about their rights and the responsibilities owed to them by their professionals; protected clients from false promises and against being overcharged or charged for services never provided; and discouraged misuse of the bankruptcy system. *Id., citing e.g.,* 11 U.S.C. § 110(b)-(h), 11 U.S.C. §§ 526-528, 11 U.S.C. § 707(b)(4)(C)-(D). Specifically, 11 U.S.C. § 526(a) mandates that debt relief agencies[6] "shall not":

> • fail to perform any service that such agency informed an assisted person or prospective assisted person it would provide in connection with a case or proceeding under this title (§ 526(a)(1));
>
> • *make any statement*, or counsel or advise any assisted person or prospective assisted person to make a statement *in a document filed in a case or proceeding under this title, that is untrue or misleading*, or that upon the exercise of reasonable care, should have been known by such agency to be untrue or misleading (§ 526(a)(2)(emphasis added));

---

[6] The phrase "debt relief agency" means "any person who provides any bankruptcy assistance to an assisted person in return for the payment of money or other valuable consideration, or who is a bankruptcy petition preparer under section 110 . . . ." 11 U.S.C. §101(12A). Recovery Law Group is, unquestionably, a debt relief agency and the Shastals are assisted persons. *See*, *Milavetz, Gallop & Milavetz, PA v. United States*, 559 U.S. 229 (2010).

• misrepresent to any assisted person or prospective assisted person, directly or indirectly, affirmatively or by material omission, with respect to--

(A) the services that such agency will provide to such person;

or

(B) the benefits and risks that may result if such person becomes a debtor in a case under this title (§ 526(a)(3));

• advise an assisted person or prospective assisted person to incur more debt in contemplation of such person filing a case under this title or to pay an attorney or bankruptcy petition preparer a fee or charge for services performed as part of preparing for or representing a debtor in a case under this title.

Section 526(c) sets forth remedies for violations of the statute, which include, but are not limited to:

• providing that a contract for bankruptcy assistance that does not comply with these provisions is void and unenforceable except by the debtor (§ 526(c)(1));

• providing that a bankruptcy attorney who intentionally or negligently fails to comply with these provisions is liable for fees already received, actual damages, and attorneys' fees. A bankruptcy attorney is equally liable for the same if the client's case was dismissed or converted because of the attorney's intentional or negligent failure to file required documents, including those required under 11 U.S.C. § 521 (requiring the debtor to file various financial schedules and statements)(§ 526(c)(2));

• authorizing the court to issue injunctive relief or impose civil penalties if there is an intentional violation or a clear and consistent pattern or practice of violating § 526 (§ 526(c)(5)).

And, as previously described, in addition to or in conjunction with its statutory authority under § 526(c)(5), bankruptcy courts are also vested with the inherent

13

power to sanction or enjoin parties for improper conduct, including improper conduct that may also violate § 526 such as violations of § 329 and Bankruptcy Rule 2016(b). *Downs*, 103 F.3d at 477("Bankruptcy courts, like Article III courts, enjoy inherent power to sanction parties for improper conduct."); *In re Burnett*, No. 21-02018, 2022 WL 802586, *12 (Bankr. D.S.C. 2022, March 16, 2022)(bankruptcy courts have broad inherent authority to discipline attorneys who appear before them).

## B. Recovery Law Group Failed to Perform the Services Which It Promised to Perform in Violation of § 526(a)(1).

The United States Trustee first argues that Recovery Law Group repeatedly violated § 526(a)(1) by, among other things, failing to perform the services for which it was hired and which it promised to perform in its retention agreement with the Shastals. This argument mirrors, in whole or in substantial part, the arguments raised in the Shastals' and Trustee's Motion for Partial Summary Judgment. The Court has separately addressed this argument in its Opinion Granting Partial Summary Judgment to the Shastals and the Trustee issued in conjunction with this Opinion. To avoid unnecessary repetition, it is sufficient to state here that the undisputed facts of this case -- the same facts which this Court found established obvious legal malpractice by Recovery Law Group (Dkt. No. 124) -- also unequivocally establish that Recovery Law Group has violated 11 U.S.C. § 526(a)(1).

**C. Recovery Law Group Has Intentionally Violated § 526(a)(2) and has Engaged in a Clear and Consistent Pattern or Practice of Violating §§ 526(a)(2) and 329 of the Bankruptcy Code and Fed. R. Bankr. P. 2016(b).**

The United States Trustee's second argument involves § 526(a)(2), which provides that Recovery Law Group "***shall not make any statement***, or counsel or advise any assisted person or prospective assisted person to make a statement ***in a document filed in a case or proceeding under this title, that is untrue or misleading***, or that upon the exercise of reasonable care, should have been known by such agency to be untrue or misleading;" (emphasis added). Here, the United States Trustee focuses on the *Statement of Attorney for Debtor(s) Pursuant to F.R.Bankr.P. 2016(b)* (the "Rule 2016(b) Statement") containing untrue or misleading information filed in the main bankruptcy case (Case No. 20-31468, Dkt. No. 15, p. 37), as well as the Rule 2016(b) Statements containing untrue or misleading information filed by or on behalf of Recovery Law Group in 219 other cases filed in this District since 2020.[7]

Section 329(a) of the Bankruptcy Code provides:

Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing the petition, for

---

[7] *See* footnote 5, *supra*.

services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

Under Section 329(a), all compensation an attorney receives in the applicable period must be disclosed, regardless of whether the attorney is being compensated by the estate or from another source. *In re Jackson*, 401 B.R. 333, 339 (Bankr. N.D. Ill. 2009). As the *Jackson* court described,

> Section 329 reflects Congressional concern that a debtor's payments to his attorney present a "serious potential for evasion of creditor protection provisions of the bankruptcy laws." It also reflects a concern that the payments present a "serious potential for overreaching by the debtor's attorney," – in other words, that a "failing debtor" will be tempted "to deal too liberally with his property in employing counsel to protect him in view of financial reverses and probable failure." Payments a debtor makes to his attorney should therefore be subjected to "careful scrutiny."
>
> To that end, an attorney must "lay bare all [his] dealings" with the debtor concerning compensation. The disclosures he makes must be "precise and complete." "Coy or incomplete disclosures" that force the court "to ferret out pertinent information" will not do, even if they are merely the result of negligence or inadvertence. **Very simply, "[a]nything less than the full measure of disclosure" is unacceptable.**

*Id*. at 339-340 (emphasis added, internal citations omitted). *Accord*, *Downs*, 103 F.3d at 480 ("Section 329 and Rule 2016 are fundamentally rooted in the fiduciary relationship between attorneys and the courts. Thus, the fulfillment of the duties imposed under these provisions are crucial to the administration and disposition of proceedings before the bankruptcy courts."). The disclosure obligation imposed by § 329(a) and implemented by Bankruptcy Rule 2016(b) is mandatory

16

and not permissive. *Townson v. Recovery Law Group (In re Gibson)*, 658 B.R. 706, 723 (Bankr. S.D. Ga. 2024).

Bankruptcy Rule 2016(b) provides:

(b) Disclosing Compensation Paid or Promised to the Debtor's Attorney.

(1) Basic Requirements. Within 14 days after the order for relief--or at another time as the court orders--every debtor's attorney (whether or not applying for compensation) must file and send to the United States trustee the statement required by § 329. The statement must:

   (A) show whether the attorney has shared or agreed to share compensation with any other entity; and

   (B) if so, the particulars of any sharing or agreement to share, except with a member or regular associate of the attorney's law firm.

(2) Supplemental Statement. Within 14 days after any payment or agreement to pay not previously disclosed, the attorney must file and send to the United States trustee a supplemental statement.

In this case, Recovery Law Group has repeatedly failed to meet its mandatory obligations under § 329(a) and Bankruptcy Rule 2016(b). In the Shastals' bankruptcy case, for example, the Rule 2016(b) Statement identifies only Sheena Majors of Majors Law PLLC as the Shastals' attorney (Case No. 20-31468, Dkt. No. 15, p. 37). It was only when the Shastals informed the Court that they did not know Sheena Majors and that their attorney was Recovery Law Group did the Court become aware of Recovery Law Group's involvement in this case and its undisclosed non-voting, non-equity partner/member relationship with Ms. Majors

17

(Case No. 20-31468, Dkt. No. 60). Although Recovery Law Group insists that Ms. Majors was acting inappropriately and contrary to Recovery Law Group's procedures, *nine of the eleven* cases Ms. Majors filed in conjunction with Recovery Law Group failed to disclose Recovery Law Group's involvement or its fee sharing arrangement in violation of § 329(a) and Bankruptcy Rule 2016(b). (*See* Dkt. No. 201, United States Trustee's Exhibit for Hearing On Motion for Partial Summary Judgment).[8] This Court has previously held that Recovery Law Group is vicariously liable for Sheena Majors' inaccurate and misleading filings (Dkt. No. 124).

More troubling, even were this Court to give credence to Recovery Law Group's argument that Ms. Majors, unnoticed by Recovery Law Group, somehow acted outside the scope of her authority *9 times* and, consequently, Recovery Law Group should not be held liable for her inaccurate and misleading filings, the Court cannot ignore the *other 211 times* inaccurate or misleading Rule 2016(b) Statements and bankruptcy petitions were filed that similarly failed to disclose Recovery Law

---

[8] The United States Trustee's Exhibit at Dkt. No. 201 identifies the cases filed by or on behalf of Recovery Law Group beginning in 2020, at least to the extent the United States Trustee could identify them, and further breaks down each case by debtor's name, case number, local attorney, the filing firm signing the bankruptcy petition, the firm identified on the Rule 2016(b) Statement, the petition date, amount of fees charged according to the Rule 2016(b) Statement, and whether the information contained on the Rule 2016(b) Statement filed in each case complied with § 329(a) and/or Bankruptcy Rule 2016(b). The preparation of this Exhibit appears to have been a herculean and time-consuming task. The Court is appreciative of the United States Trustee's efforts.

18

Group's case involvement (Dkt. No. 201). And if one were to examine Recovery Law Group's violations in cases filed outside of this District, that number likely increases exponentially. *See, e.g.*, *In re Green*, No. 20-03190, 2021 WL 5177427 (Bankr. D.S.C., November 03, 2021); *Gibson*, 658 B.R. at 722-724; *In re Burnett*, 2022 WL 802586; *In re Pearson*, No. 20-30077, 2020 WL 1845048 (Bankr. N.D. Texas, April 9, 2020).

It is, therefore, abundantly clear that Recovery Law Group has consistently and continually violated its mandatory disclosure obligations under § 329(a) and Bankruptcy Rule 2016(b), and it has done so knowing full well that its practices violated its mandatory disclosure obligations since at least 2021, and likely before. *See, e.g., In re Green*, 2021 WL 5177427. *See also*, Case No. 20-31468, Dkt. No. 60 (setting show cause hearing on Recovery Law Group's apparent failure to comply with Bankruptcy Rule 2016(b)). Recovery Law Group nevertheless filed Rule 2016(b) Statements in over 200 cases since 2021 that violated § 329(a) and Bankruptcy Rule 2016(b).

Given the opinions and orders putting Recovery Law Group on notice that its practices violated § 329(a) and Bankruptcy Rule 2016(b), among other failings, and its contumacious refusal to comply with its mandatory disclosure obligations, it is difficult to conceive how Recovery Law Group's continued utilization of this improper practice in this District in over 200 cases can be characterized as anything

19

other than intentional, and this Court so finds. *See In re White*, 659 B.R. 68, 80 (Bankr. D.S.C. 2024) ("'For purposes of Section 526(c)(5), an intentional violation may be established through circumstantial evidence.'")(internal citation omitted). And, in addition to a finding of intentionality, Recovery Law Group's utilization of this improper practice in this District in over 200 cases also conclusively establishes a "clear and consistent pattern or practice" of violating 11 U.S.C. § 526.[9]

## VI. Recovery Law Group's Arguments in Response to the United States Trustee's Motion for Summary Judgment.

Although this Court has a long history with Recovery Law Group's previous unconvincing efforts to defend its performance over the course of this case, the Court is nevertheless surprised by how many of Recovery Law Group's current arguments exhibit a lack of familiarity with the record or an unwillingness to acknowledge any responsibility for its pattern and practices in this case, in other cases filed in this District and, indeed, in cases filed in bankruptcy courts throughout the country.

---

[9] As discussed in the *Green* and *Gibson* cases, *supra*, and equally applicable to most, if not all of the cases Recovery Law Group has filed in this District, Recovery Law Group appears to have engaged in the unauthorized practice of law. It also appears to have committed violations of § 504 of the Bankruptcy Code with regard to the several chapter 13 cases it caused to be filed in this District through the use of improper and undisclosed fee sharing agreements. Because the sanctions for such violations are similar to the sanctions the Court is imposing for Recovery Law Group's violations of §§ 329(a) and 526 and Bankruptcy Rule 2016(b), the Court need not address these violations at this time.

Most of the arguments set forth in Recovery Law Group's Response have been addressed in the Court's Opinion Granting Partial Summary Judgment to the Shastals and the Trustee. There are, however, two arguments that the Court will address here because they involve Recovery Law Group's attempt to justify its dismal record of compliance with the requirements of §§ 329 and 526 of the Bankruptcy Code and Bankruptcy Rule 2016(b).

Without conceding that any of the 250 or more Rule 2016(b) Statements it filed or caused to be filed in this District contain untrue or misleading information, Recovery Law Group argues that *its current practices* comply with § 329 and Bankruptcy Rule 2016(b) and, therefore, *its current practices*, at least, are not untrue or misleading in violation of § 526. Specifically, Recovery Law Group emphasizes that the attorneys with whom it currently affiliates in this District -- primarily Morrie Lefkowitz (2022 to present) and Lauren Hoenig (2021 to 2024) -- file Rule 2016(b) Statements and other documents that properly reflect Recovery Law Group as counsel of record (Dkt. 183, Brief at p. 3-4). As stated in its Response, Recovery Law Group claims:

> The undisputed evidence establishes that attorneys are instructed to configure their petitions and schedules to clearly reflect Recovery Law Group as the law firm of record, and that any inconsistencies in the ECF metadata arise from technical limitations in the court's filing infrastructure, not misconduct or malfeasance. This is precisely why attorneys like Lefkowitz and Hoenig, who maintain their own practices, nonetheless filed petitions and schedules that properly reflect Recovery Law Group as counsel of record . . . . This dual structure, legacy ECF

metadata paired with properly formatted filing, has been the standard across jurisdictions, and when executed correctly, as in the cases of Lefkowitz and Hoenig, there is no confusion as to the client's actual representation.

(Dkt. 183, Response at pp. 3-4).

As previously noted, however, Recovery Law Group offered no evidence, let alone "undisputed evidence," to support this blatantly inaccurate assertion. In stark contrast to Recovery Law Group's unsupported and inaccurate assertion, the United States Trustee provided a comprehensive analysis of the 250 cases filed by or on behalf of Recovery Law Group *in this District* since 2020. (Dkt. No. 201). Looking at the two attorneys Recovery Law Group trumpets as exemplars of good current practices, it is true that Ms. Hoenig, who apparently is no longer affiliated with Recovery Law Group, had a 100% compliance rate in her 24 cases. Mr. Lefkowitz, on the other hand, *had an astonishing compliance rate of **0%** in the 207 cases he filed on behalf of Recovery Law Group from 2022 to the present*. Stated another way, Recovery Law Group has filed or caused to be filed inaccurate, untruthful, and misleading Rule 2016(b) Statements, bankruptcy petitions and other documents that fail to comply with the requirements of the Bankruptcy Code and Bankruptcy Rules **88%** of the time.[10] That percentage is not merely astonishing. It is unconscionable.

---

[10] In light of Recovery Law Group's emphasis on its "current practices" and its apparent inability to access its case files prior to 2022, its actual failure rate could be substantially higher.

Recovery Law Group also argues that it is not at fault for any disclosure failures because the United States Bankruptcy Court for the Eastern District of Michigan allows only one ECF login credential per attorney and the attorneys it employs or partners with already possess login credentials under their own firm names. Recovery Law Group cannot so easily evade its mandatory duties of disclosure by blaming the Court's ECF filing system.[11] The Rule 2016(b) Statement is an official form that can be easily modified to, among other things, alter signature blocks, alter or amend firm names and addresses, add information, or even attach affidavits, exhibits, supplemental explanations and/or firm descriptions. Recovery Law Group could also have filed separate Rule 2016(b) Statements. As long as the information is complete and accurate and otherwise complies with § 329 and Bankruptcy Rule 2016(b), the alternatives available to Recovery Law Group to satisfy its mandatory disclosure obligations are seemingly endless. Moreover, Recovery Law Group has been on notice of this Court's concerns regarding improper disclosures since 2021 *at the latest*. Since that time, Recovery Law Group has violated § 329 and Bankruptcy Rule 2016(b) in over 200 cases with what can only

---

[11] The Court also notes that Recovery Law Group's argument is inconsistent with the arguments made in its Motion to Dismiss (Dkt. No. 17) and in its Response to the Shastals' Motion of Partial Summary Judgment on the Legal Malpractice Claim (Dkt. No. 113). There, Recovery Law Group sought to shift the blame for any § 329 and Bankruptcy Rule 2016(b) Statement violations entirely to Sheena Majors, never mentioning any shortcomings of the Court's ECF filing system.

be described as a callous disregard for the Bankruptcy Code's mandatory disclosure requirements. That shameful record ends now.

The Court also feels compelled to address one other gross mischaracterization found in Recovery Law Group's Response and which it has previously raised in response to another of this Court's orders. Recovery Law Group asserts that this Court denied the parties' settlement of the United States Trustee's Complaint notwithstanding the agreement of the United States Trustee, the Chapter 7 Trustee and the Shastals, without the issue being properly before it. Specifically, Recovery Law Group asserts:

> at a pretrial conference held on May 14, 2025 (meant to refine the trial order, address logistics, and narrow trial issues), the Court raised the settlement issue *sua sponte* and rejected it outright.

(Dkt. No. 183, ¶8).

This characterization is patently false. Motions to approve settlements of adversary proceedings are required to be filed in the main bankruptcy case. *See* footnote 2, *supra*. Had Recovery Law Group reviewed the notice of hearing on the motion to compromise filed in the main case (Case No. 20-31468, Dkt. 268), which was properly served on it (Case No. 20-31468, Dkt. 269), Recovery Law Group would have realized that the motion for the approval of the settlement was set for hearing on May 14, 2025 at the same time as the final pre-trial conference. And it was during that hearing on the Motion to Compromise that this Court, tasked with

the obligation to independently evaluate settlement agreements under Fed. R. Bankr. P. 9019, determined that the settlement did not meet the statutory requirements and could not be approved. The Court stands by its determination for the reasons stated above.

## VII. SANCTIONS FOR RECOVERY LAW GROUP'S REPEATED NON-COMPLIANCE WITH THE MANDATORY DISCLOSURE REQUIREMENTS OF § 329 AND BANKRUPTCY RULE 2016(b) AND ITS CLEAR AND CONSISTENT PATTERN OR PRACTICE OF VIOLATING § 526.

If the Court finds that Recovery Law Group intentionally violated or engaged in a clear and consistent pattern or practice of violating § 526, this Court is statutorily authorized "to enjoin the violation . . . or impose an appropriate civil penalty."[12] As explained above, the Court finds that Recovery Law Group has intentionally violated § 526 and has engaged in a clear and consistent pattern or practice of violating § 526. And, as previously explained, in addition to the specific authority granted by § 526(c)(5), the Sixth Circuit instructs that this Court has the inherent authority to sanction parties for improper conduct. *Downs*, 103 F.3d at 479.

---

[12] As used in the Bankruptcy Code, the term "or" is not exclusive, 11 U.S.C. § 102(5). *See, Societa Internazionale Turismo, S.p.A. v. Barr (In re Lockwood),* 14 B.R. 374, n. 12 (Bankr. E.D.N.Y. 1981)(holding the word "or" is not exclusive ); *In re Landmark Capital Co.*, 19 B.R. 342, n. 14 (Bankr. S.D.N.Y. 1982)(the legislative history is clear that courts or parties are not limited to a mutually exclusive choice between alternative choices).

Turning first to injunctive relief, § 526 and the inherent power to prevent abuse of process gives bankruptcy courts the authority to discipline the lawyers who appear before them, including suspending lawyers from appearing and practicing in bankruptcy courts. *Ginsberg v. Evergreen Security, Ltd.*, 570 F.3d 1257, 1280 (11th Cir. 2009)(holding five year suspension was not an abuse of discretion); *In re Mennona*, No. 21-11967, 2023 WL 149957, *28-30 (Bankr. D. Colo., Jan. 10, 2023)(imposing three year suspension).

At least two other bankruptcy courts have enjoined Recovery Law Group from soliciting for filing or filing any bankruptcy cases in their respective districts based upon far less numerous violations of §§ 329 and 526 and Bankruptcy Rule 2016(b). *See, e.g., In re Recovery Law Group, APC, d/b/a Wajda Law,* 670 B.R. 193 (Bankr. E.D. Va. 2025); *Burnett*, 2022 WL 802586. Although suspension may appear to be a harsh remedy, as Judge Huennekens movingly explained:

> RLG [Recovery Law Group] took complete advantage of very vulnerable consumer debtors at the weakest moments of their lives. The Affected Debtors placed their future in the hands of RLG, desperate for a fresh start. RLG lured the Affected Debtors off the internet with the false promise of alleviating financial distress and eliminating debt. RLG betrayed that promise. RLG exacerbated the stress the Affected Debtors were under rather than alleviating it. RLG literally brought its vulnerable clients to tears. RLG was focused solely on "making money" off the Affected Debtors, "while taking no responsibility for [its] clients and attempting to isolate the firm from any liability related to client representation by associating a local 'partner.' The actions (or lack thereof) of [RLG and Watson] are offensive both to the court and to the many attorneys who uphold the high standards demanded by the legal profession." The Court is deeply disappointed by the incompetence,

indifference, inconsideration, inattention, and utter disrespect RLG and Watson exhibited. Together they completely abrogated all responsibility for the duties they owed contractually, professionally, and ethically to the individuals they had the great privilege to represent.

*In re Recovery Law Group, APC,* 670 B.R. at 250-251. As exhaustively described in this Court's previous opinions, the Shastals have also suffered the same fate at Recovery Law Group's hands.

Judge Huennekens also recognized the difficulties in monitoring Recovery Law Group's compliance with the rules and court orders:

> *[P]ast promises* by RLG to reform its practices and conform its conduct *to abide by the Orders issued and the Rules adopted not only by this Court but other courts throughout the country have proven to be inherently unreliable.* The Court concludes that compliance can be assured only by suspending RLG from practicing law before the United States Bankruptcy Court for the Eastern District of Virginia for a period not less than two years.

*Id.* at 250 (emphasis added).

Again, this Court agrees. Recovery Law Group has filed over 200 cases in this District alone knowing that its practices violated § 329 and Bankruptcy Rule 2016(b). Given its willful disregard of opinions and orders from this Court and numerous other bankruptcy courts outside of this District, compliance can be assured only by suspending Recovery Law Group from directly or indirectly soliciting or filing cases in the United States Bankruptcy Court for the Eastern District of

Michigan on or after the date of the Order entered in conjunction with this Opinion.[13]
After three years, or such other time as the Chief Judge of the United States
Bankruptcy Court for the Eastern District of Michigan may set, Recovery Law
Group may apply to have its suspension by making application to the Chief Judge
of the Bankruptcy Court pursuant to such reinstatement standards and procedures as
the Chief Judge of the Bankruptcy Court may establish. Recovery Law Group shall
serve any reinstatement application upon and provide at least 60 days' advance
notice to the attorney in charge of the Office of the United States Trustee for the
Eastern District of Michigan.

Turning next to an appropriate civil penalty for Recovery Law Group's
repeated violations of §§ 329 and 526 and Bankruptcy Rule 2016(b), civil penalties
can be compensatory, designed to coerce compliance, or both. *Ginsberg v.
Evergreen Security, Ltd.*, 570 F.3d at 1280 (holding "bankruptcy court did not abuse
its discretion in imposing both compensatory sanctions (monetary sanctions) and
sanctions designed to coerce compliance (suspension).") Compensatory damages
for the Shastals will be determined following a damages trial on Recovery Law
Group's legal malpractice liability and/or under § 526(c)(2) which provides "[A]ny
debt relief agency shall be liable to an assisted person in the amount of any fees or

---

[13] Because this suspension is prospective only, it does not prohibit Recovery Law
Group from representing clients or filing pleadings in existing cases, including cases
which are or may be closed and subsequently reopened.

charges in connection with providing bankruptcy assistance to such person . . . for actual damages, and for reasonable attorneys' fees and costs . . . ." Consequently, imposing a *compensatory* civil penalty would be redundant in this case.[14]

In the United States Trustee's adversary proceeding, however, the Court's imposition of a civil penalty under § 526(c)(5) is not compensatory but rather is intended to encourage a recalcitrant law firm to comply with mandatory disclosure obligations. Because § 526(c)(5) does not provide any guidance on the factors a court should consider when imposing civil penalties, this Court looks to the violations of § 526(a)(2) at issue: "mak[ing] any statement . . . in a document filed in a case or proceeding under this title, that is untrue or misleading, or that upon the exercise of reasonable care, should have been known by such [debt relief] agency to be untrue or misleading." The untrue or misleading statements are contained in the over 200 Rule 2016(b) Statements and bankruptcy petitions filed with the Court by or on behalf of Recovery Law Group, all of which clearly violated § 329 of the Bankruptcy Code and Bankruptcy Rule 2016(b).

Fashioning an appropriate civil penalty with these violations in mind requires this Court to adhere to the clear instructions of the Sixth Circuit: a "bankruptcy court should deny all compensation to an attorney who exhibits a willful disregard of his

---

[14] Nothing in this Opinion is intended to prejudice other debtors from seeking relief under § 526(c)(2).

fiduciary obligations to fully disclose the nature and circumstances of his fee arrangement under § 329 and Bankruptcy Rule 2016(b).  *The authority to do so is inherent, and in the face of such infractions should be wielded forcefully*." *Downs*, 103 F.3d at 479 (emphasis added).   In *Downs*, the Sixth Circuit reversed the bankruptcy court because it did not order complete disgorgement, finding that the bankruptcy court abused its discretion in allowing the attorneys to retain any fees because the failure was not a "simple technical breach."  *Accord, SE Property Holdings, LLC v. Stewart (In re Stewart)*, 970 F.3d 1255, 1267 (10th Cir. 2020)(holding that full disgorgement for violations of § 329 and Bankruptcy Rule 2016(b) "should be the default sanction and there must be a sound reason for anything less."); *Neben & Starrett, Inc. v. Chartwell Financial Corp. (In re Park-Helena Corp.)*, 63 F.3d 877, 882 (9th Cir. 1995) ("Even a negligent or inadvertent failure to disclose fully relevant information may result in a denial of all requested fees.")

In this case, Recovery Law Group's innumerable violations of § 329 and Bankruptcy Rule 2016(b) are not "simple technical breaches."  Rather, as the Sixth Circuit explained in *Downs*, they go to the heart of the Bankruptcy Code's mandatory disclosure requirements.  *Downs*, 103 F.3d at 479-480.  Moreover, the Court must also consider the widespread and persistent nature of the violations here and in courts elsewhere, the vulnerability of the affected debtors, and the amount of fees received,

among other factors. *See, Asbach v Kealy*, No. 19-31260, 2025 WL 2486401 at *59 (Bankr. W.D. La., August 28, 2025)(identifying other factors to consider in imposing civil penalties in bankruptcy case similarly involving widespread Bankruptcy Code violations). Accordingly, because this Court cannot offer a "sound reason for anything less," the Court believes that the failure to impose a civil penalty approximating the fees received by Recovery Law Group would constitute an abuse of discretion.

The United States Trustee's Exhibit (Dkt. No. 201) calculates that Recovery Law Group received fees totaling $399,371 from the 220 cases where it violated §§ 329 and 526 of the Bankruptcy Code and Bankruptcy Rule 2016(b) broken down by debtor(s) and case number. *See* footnote 8, *supra*. Based upon the Court's independent review, it appears that fees in three cases totaling $6,900 should not be charged against Recovery Law Group. Therefore, consistent with the Sixth Circuit's instructions regarding disgorgement, the Court imposes a civil penalty against Recovery Law Group in the amount of $392,471 ($399,371 – $6,900), with said amount to be paid no later than October 30, 2025.

## VIII. CONCLUSION

For the reasons set forth above,

Summary judgment is granted to the United States Trustee in full. The Court will issue a separate Final Order disposing of this adversary proceeding (Adv. Proc. No. 24-3076) consistent with this Opinion.

**Signed on September 17, 2025**



/s/ Joel D. Applebaum
_____
**Joel D. Applebaum**
**United States Bankruptcy Judge**