# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

In re:

John Frederick Shastal, Jr.    Case No. 20-31468-jda
Kimberly Ann Shastal,     Chapter 7
            Hon. Joel D. Applebaum

  Debtors.
_____/

SAMUEL D. SWEET, Chapter 7
Trustee for the Estate of Debtors,
John Frederick Shastal Jr. and
Kimberly Ann Shastal, and
JOHN FREDERICK SHASTAL,
an individual, and KIMBERLY
ANN SHASTAL, an individual,

  Plaintiffs,

v.          Adv. No. 24-03033-jda

MAJORS LAW, PLLC,
a Professional Limited Liability
Company, SHEENA L. MAJORS,
an individual, DESIRAE BEDFORD, an individual,
and RECOVERY LAW GROUP, APC,

  Defendants.
_____/

ANDREW R. VARA, United States Trustee,

  Plaintiff,

v.          Adv. No. 24-03076-jda

RECOVERY LAW GROUP, APC and
SHEENA MAJORS,

     Defendants.

_____/

## OPINION GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT WITH RESPECT TO 11 U.S.C. § 526 FILED BY JOHN AND KIMBERLY SHASTAL AND THE CHAPTER 7 TRUSTEE

This matter is before the Court on the Motion for Partial Summary Judgment on Liability as to Plaintiffs' Claims Under 11 U.S.C. § 526 (the "Motion") filed by John and Kimberly Shastal and Chapter 7 Trustee Sam Sweet ("Plaintiffs")(Dkt. No. 162).[1]  For the reasons set forth below, the Motion is GRANTED.  Dates for a trial on the issue of damages will be set forth in the Order entered in connection with this Opinion.

## I.    FACTUAL BACKGROUND

This adversary proceeding arises from the joint Chapter 7 bankruptcy proceeding of John and Kimberly Shastal (the "Shastals" or "Debtors") (Case No.

_____

[1] The United States Trustee filed a separate   motion for partial summary judgment (Dkt. No. 165).   Although these adversary proceedings are being jointly administered, because of the different relief being requested, among other reasons, the United States Trustee's motion is the subject of a separate opinion of the Court. Unless otherwise noted, all references in this Opinion are to the record in Adversary Case Number 24-3033.

20-31468-jda, Dkt. No. 1). The facts of this case have been extensively documented and annotated by this Court both chronologically (Dkt. No. 44) and by topic (Dkt. No. 124). This Court adopts and incorporates by reference the facts as set forth in those Opinions.

## II. PROCEDURAL HISTORY SINCE THE ISSUANCE OF THE COURT'S FEBRUARY 7, 2025 OPINION GRANTING PARTIAL SUMMARY JUDGMENT AS TO LIABILITY FOR LEGAL MALPRACTICE

The procedural history of these jointly administered adversary proceedings prior to February 7, 2025 is detailed in this Court's Opinion Granting Partial Summary Judgment as to Liability of the Recovery Law Group for Legal Malpractice (Dkt. No. 124).

Following the release of its February 7, 2025 Opinion, the Court set a final pre-trial conference for May 14, 2025. After the final pre-trial conference was set, the United States Trustee and Recovery Law Group engaged in settlement discussions regarding the United States Trustee's § 526 complaint (Adv. Proc. No. 24-3076) and, on April 25, 2025, the United States Trustee filed a Notice of Pending Settlement Agreement of the § 526 claims in this adversary case (Dkt. No. 150). That same day, the United States Trustee filed a Motion for Order Approving

Compromise in the main case (Case No. 20-31468, Dkt. No. 267).[2] The Court set the motion to approve compromise for hearing on May 14, 2025, at the same time as the previously scheduled final pre-trial conference.

Under Fed. R. Bankr. P. 9019(a), the Court has a duty to exercise its own independent judgment in analyzing a proposed compromise. *See*, *In re NII Holdings, Inc.*, 536 B.R. 61, 98 (Bankr. S.D.N.Y. 2015). Following the hearing, the Court denied the motion to approve the proposed compromise.[3] Moreover, because likelihood of success on the merits is an essential consideration of the approval of any proposed settlement (*See, In re Bard*, 49 Fed. Appx. 528, 530 (6th Cir. 2002) *citing Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968)), the Court directed the Plaintiffs to file motions for partial summary judgment "addressing the sole issue of what effect the Court's granting of partial summary judgment on the legal malpractice claim in Count 1 of Plaintiffs' [Shastals' and Chapter 7 Trustee's] Complaint has on Count 2, alleged violation of 11 USC § 526." (Dkt. No. 160, p. 2)

---

[2] A motion to approve compromise is filed in the main bankruptcy case to insure that all creditors and other parties-in-interest receive notice of the proposed compromise and are given an opportunity to object. *See*, Fed. R. Bankr. P. 9019.

[3] The proposed settlement between Recovery Law Group and the United States Trustee did not purport to settle Plaintiffs' case against Recovery Law Group and the other Defendants.

Debtors and the Chapter 7 Trustee filed their Motion for Partial Summary Judgment on June 12, 2025 (Dkt. No. 162). The United States Trustee filed his Motion for Partial Summary Judgment on June 13, 2025 (Dkt. No. 165).

On July 11, 2025, Recovery Law Group filed its response in opposition to those motions (the "Response," Dkt. No. 183). Recovery Law Group's Response, like its previous response to the Motion for Partial Summary Judgment as to Liability of the Recovery Law Group for Legal Malpractice, was unsupported by any exhibits, affidavits, deposition transcripts, admissions, interrogatory answers or other evidence. *See* Fed. R. Civ. P. 56(c), incorporated into bankruptcy adversary proceedings by Fed. R. Bankr. P. 7056. The Response, however, repeatedly asserted that "Recovery Law Group has submitted uncontroverted evidence establishing that its standard onboarding procedures, internal policies, and training materials explicitly direct attorneys to disclose the firm's role, properly configure filing software, and accurately report fee arrangements in full compliance with Rule 2016(b)." Because Recovery Law Group attached nothing in support of its Response and did not indicate where in the record such "uncontroverted evidence" might be located, the Court ordered "Recovery Law Group [to] indicate where in the record this can be found, indicating both the docket number and page number no later than July 16, 2025." (Dkt. No. 185). Recovery Law Group responded, attaching nothing, describing nothing, and providing no citations to the extensive record in this

adversary proceeding or in the main bankruptcy case (Dkt. No. 188). Instead, Recovery Law Group again sought to shift all blame to Sheena Majors, its non-equity partner/employee, notwithstanding the Court's earlier Opinion holding Recovery law Group directly liable for its own considerable legal malpractice and vicariously liable for Ms. Majors' failings.

On July 23, 2025, the Court issued its Corrected Opinion and Order Granting in Part and Denying in Part Recovery Law Group's Motion for Reconsideration of the Court's July 1, 2025 Order Imposing Sanctions. That Order provided that:

> Recovery Law Group shall file with the Court a list of all cases filed in the Eastern District of Michigan in which Recovery Law Group is or was involved from January 1, 2020 to the present including: (1) the debtor(s)' name; (2) case number; and (3) the name of the local attorney(s) employed by, partnered with and/or associated with Recovery Law Group in connection with each of these cases. This information shall be filed with the Court no later than August 6, 2025.

In response, Recovery Law Group filed a list of 222 cases allegedly filed since 2022, along with a statement that "because Recovery Law Group twice changed its Case Management System and platform, information on cases filed prior to 2022, are not available in RLG's records." (Dkt. No. 197) However, even for cases filed in this District by Recovery Law Group beginning in 2022, the list provided by Recovery Law Group was inaccurate and incomplete (*See,* Dkt. No. 201, Plaintiff United States Trustee's Exhibit List for Hearing on Motion for Partial Summary Judgment).

6

On August 13, 2025, the Court held oral argument on both of the filed Motions for Partial Summary Judgment at the conclusion of which the Court took the matters under advisement.

Following oral argument, the Court directed Recovery Law Group to file with the Court copies of all of its contracts with the local attorneys with whom it has been working. Although copies were provided to the Court, they were not filed on the docket because Recovery Law Group claimed the contracts were "proprietary." The Court directed Recovery Law Group to either file the contracts on the docket or file a motion under § 107 of the Bankruptcy Code and Fed. R. Bankr. P. 9018 to adjudicate whether the contracts can or should be sealed. To date, Recovery Law Group has done neither.

## III. JURISDICTION AND RELATED ISSUES

Federal bankruptcy jurisdiction is defined by 28 U.S.C. § 1334. Section 1334(a) confers upon district courts "original and exclusive jurisdiction of all cases under title 11." Section 1334(b), in turn, confers upon the district courts "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11."

This Court has "arising under" jurisdiction over this adversary proceeding. The term "arising under" title 11 means those causes of action *created or determined*

by a statutory provision of title 11. *See, In re Nu-Cast Step & Supply, Inc.*, 639 B.R. 440, 446-447 (Bankr. E.D. Mich. 2021). The *Nu-Cast* court gives the example of an action to recover preferential transfers under 11 U.S.C. § 547. In this case, the Shastals and the Chapter 7 Trustee assert a claim under § 526 of the Bankruptcy Code, which is another example of a cause of action *created or determined* by a statutory provision of title 11. For this reason, this Court has subject matter jurisdiction over this § 526 claim "arising under" title 11. This matter is also a core proceeding under 11 U.S.C. § 157(b) over which the Court has the authority to enter a final order.

In addition to being a "core" matter over which this Court has "arising under" jurisdiction, this Court has the statutory authority to enjoin Recovery Law Group or impose an appropriate civil penalty "if the court, on its own motion or on the motion of the United States trustee or the debtor, finds that [Recovery Law Group] intentionally violated [§ 526], or engaged in a clear and consistent pattern or practice of violating [§ 526]. 11 U.S.C. § 526(c)(5). The Court also has the inherent power to sanction parties for improper conduct. *Mapother & Mapother, PSC v. Cooper (In re Downs)*, 103 F.3d 472, 477 (6th Cir. 1996)("Bankruptcy courts, like Article III courts, enjoy inherent power to sanction parties for improper conduct."). Recovery Law Group is not entitled to a jury trial with respect to claims under § 526. *In re Bacus*, 548 B.R. 742, 745-748 (Bankr. S.D. Tex. 2016).

## IV.  STANDARD OF REVIEW

Plaintiffs bring their Motion for Partial Summary Judgment pursuant to Fed. R. Civ. P. 56(c), incorporated into adversary proceedings by Fed. R. Bankr. P. 7056. Accordingly, as the parties seeking summary judgment, Plaintiffs bears the initial burden of identifying the portions of the record which establish the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1996). Once having met that initial burden, the burden then shifts to Recovery Law Group as the non-moving party, who must show some material fact as to which a genuine dispute exists. Fed. R. Civ. P. 56(e)(2) states that, when a motion for summary judgment is properly made and supported, the non-moving party may not rely on mere allegations in its pleadings or simple denials but must produce specific facts showing a genuine issue for trial. The failure to present any evidence to counter a well-supported motion is alone grounds to grant the motion. *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009) *citing Skousen v. Brighton High School*, 305 F.3d 520, 528 (6th Cir. 2002).[4]

---

[4] As previously noted, Recovery Law Group's Response, like its previous Response to Plaintiffs' Motion for Partial Summary Judgment as to Liability (Dkt. No. 113), was unsupported by any exhibits, affidavits, deposition transcripts, admissions, interrogatory answers or other evidence.

9

While a court must proceed cautiously in considering subjective issues, the Supreme Court has indicated that the existence of subjective issues does not necessarily foreclose summary judgment. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1990)(synthesizing *Anderson v. Liberty Lobby*, 477 U.S. 242 (1986), *Celotex v. Catrett*, 47 U.S. 317 (1986), and *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986)). Thus, a nonmoving party may not avoid a properly supported motion for summary judgment by simply arguing that it relies solely or in part upon credibility considerations or subjective evidence. Instead, the nonmoving party must present affirmative evidence to defeat a properly supported motion for summary judgment. *Street,* 886 F.2d at 1472. Here, however, there are no subjective issues to be addressed. The Court's ruling on the Motion is based upon the finding of facts set forth in the Court's Opinion Granting Plaintiffs' Motion For Partial Summary Judgment as to Liability of the Recovery Law Group for Legal Malpractice (Dkt. No. 124). Finally, the Sixth Circuit has concluded that, in the "new era" of summary judgments that has evolved from the teachings of the Supreme Court in *Anderson, Celotex*, and *Matsushita*, trial courts have been afforded considerably more discretion in evaluating the weight of the nonmoving party's evidence. *Street*, 886 F.2d at 1480. The nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts." *Id*. If the record taken in its entirety could not convince a rational trier of fact to return a verdict in

favor of the nonmoving party, the motion should be granted. *Id*.; *See also*, *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 149-50 (6th Cir. 1995).

## V.    ANALYSIS

### A.    The Undisputed Facts Establish that Recovery Law Group Violated 11 U.S.C. § 526(a).

Bankruptcy Code § 526(a) was established to curb abuse of the bankruptcy system, including misconduct by attorneys and other professionals.  This misconduct includes failure to perform promised services and making untrue or misleading statements.  Section 526(a) states, in relevant part:

> (a) A debt relief agency shall not--
>
> > (1) fail to perform any service that such agency informed an assisted person or prospective assisted person it would provide in connection with a case or proceeding under this title;
> >
> > (2) make any statement, or counsel or advise any assisted person or prospective assisted person to make a statement in a document filed in a case or proceeding under this title, that is untrue or misleading, or that upon the exercise of reasonable care, should have been known by such agency to be untrue or misleading;

Based on the undisputed facts of this case -- the same facts which this Court found established obvious legal malpractice by Recovery Law Group (Dkt. No. 124) -- this Court finds that Recovery Law Group violated 11 U.S.C. § 526(a) by failing to perform promised services and by making untrue or misleading statements.  The Court summarizes these findings below:

## 1. Recovery Law Group Failed to Perform Promised Services in Violation of § 526(a)(1).

Recovery Law Group, through its website, promised to provide full-service representation to its clients (Dkt. No. 124, pp. 3-4; Case No. 20-31468, Dkt. Nos. 229, 230, ¶ 26). Specifically, Recovery Law Group represented that:

> We can help you find the right option for preventing foreclosure, fighting for your home, making the payments due from the mortgage in a Chapter 13 Bankruptcy, or walking away from [sic] a fresh start.

> Build your better and safer future with us. We connect you with reliable lawyers to help with foreclosure or bankruptcy depending on what situation is right for you.

> We believe that each foreclosure case is unique from others. To find the most suitable solution for you, we need to learn about your case and situation to read between the lines and create a plan. With our solid guidance and appropriate legal presentation, you can save your beloved home or build a new one, as suitable for you and your family.

(Case No. 20-31468, Dkt. Nos. 229, 230, ¶ 26).

On August 19, 2020, John and Kimberly Shastal signed a Retainer Agreement hiring Recovery Law Group to represent them for a flat fee. (Dkt. No. 124, p. 6; Case No. 20-31468, Dkt. No. 205, Ex 3). Services included for the flat fee are:

> The preparation of the bankruptcy petition and schedules and the handling of creditor communications . . .[and] all usual, ordinary and necessary services in a bankruptcy case . . . such as filing of the Petition, contact with the Chapter 7 Trustee, monitoring of the Court docket and appearing with you at one 341(a) Meeting of Creditors hearing.

(Case No. 20-31468, Dkt. No. 205, Ex 1, p 1, ¶ 3).

12

The Rule 2016(b) Statement also sets forth the legal services Recovery Law Group was to provide to the Shastals for the fee disclosed. (Adv. Dkt. No. 124, pp. 14-15; Dkt. No. 15). These services included the:

A. Analysis of the debtor's financial situation and rendering advice to the debtor in determining whether to file a petition in bankruptcy;

B. Preparation and filing on any petition, schedules, statement of affairs and plan which may be required; and

C. Representation of the debtor at the meeting of creditors and confirmation hearings, and adjournment hearings thereof . . .

(Case No. 20-31468, Dkt. No. 15).

In this Court's Opinion finding Recovery Law Group liable for legal malpractice (Dkt. No. 124), this Court found that Recovery Law Group negligently failed to perform the services it contractually promised to perform in various ways:

• Recovery Law Group failed to reasonably investigate the Shastals' financial circumstances (Dkt. No. 124, p. 48). It failed to recognize that the Shastals' home was not subject to execution to satisfy New Home Plate Lounge's (hereinafter NHP) judgment (Dkt. No. 124, pp. 48-49); failed to explore or pursue available remedies under state law avoiding bankruptcy. *See,* MCL 600.6201. (Dkt. No. 124, p. 49); and failed to adequately investigate the value of the Shastals' residence. (Dkt. No. 124, p. 49).

• Recovery Law Group failed to file the Shastals' case under Chapter 13 instead of Chapter 7. Then, after realizing its error, Recovery Law Group filed a motion to convert the matter to a case under Chapter 13, but it was dismissed because of Recovery Law Group *twice* failed to appear at the 341 hearing. Recovery Law Group then failed to renew

the motion when it was dismissed without prejudice as a result of Recovery Law Group's failures to appear (Dkt. No. 124, p. 50).

• Recovery Law Group failed to safeguard the Shastals' full homestead exemption (Dkt. No. 124, p. 51). Recovery Law Group listed a state homestead exemption on John Shastals' Schedule C but failed to list an exemption for Kimberly Shastal (Dkt. No. 124, p. 14).

• Recovery Law Group failed to appear at multiple hearings including two continued meetings of creditors and the adjourned hearing on the motion to convert the matter from a Chapter 7 case to a Chapter 13 case (Dkt. No. 124, pp. 17, 51; Case No. 20-31468, Dkt. No. 31).

• Recovery Law Group failed to counsel and assist the Shastals in fulfilling their obligation to complete their financial management course even after the they twice asked for help in this matter (Dkt. No. 124, p. 50).

• Recovery Law Group failed to timely and properly file various documents. Recovery Law Group failed to file an amendment to the Shastals' schedules A and D correcting the value of their residence (Dkt. No. 124, p. 13). Recovery Law Group filed the Shastals' Certificate of Financial Management late (Dkt. No. 124, pp. 17-18). The means test calculation form filed by Recovery Law Group was stricken because of an incorrect event code, and no new means test calculation form was filed (Dkt. No. 124, p. 14).

None of these actions or omissions were in accord with the services that Recovery Law Group promised and contracted to provide to the Shastals. Thus, the undisputed facts regarding Recovery Law Group's conduct during their representation of the Shastals establishes clear violations of 11 U.S.C. § 526(a)(1).

## 2. Recovery Law Group Made Untrue or Misleading Statements in Violation of § 526(a)(2).

Recovery Law Group also filed documents with the Bankruptcy Court that were incomplete and contained grossly erroneous information, some of which were filed without the Shastals first having seen or reviewed them (Dkt. No. 124, pp. 49, 51; Dkt. 44, p. 24, citing Case No. 20-31468, Dkt. No. 61, hearing recording at 23:43-24:50). By way of example only, two[5] such instances were:

- Recovery Law Group filed inaccurate Schedules A and D. On these Schedules, Recovery Law Group improperly stated that the value of the Shastals' residence was $146,000.00 instead of its appraised value of $165,000.00 (Dkt. No. 124, p. 13). Recovery Law Group also failed to take any steps to amend these schedules despite becoming aware of this error (Dkt. No. 124, p. 13).

- Recovery Law Group also filed an inaccurate Rule 2016(b) Statement. The Rule 2016(b) Statement expressly indicated that Shena Majors of Majors Law, PLLC was the Shastals' attorney and states that the "[t]he undersigned has not shared or agreed to share, with any other person, other than with members of the undersigned firm or corporation . . . " (Case No. 20-31468, Dkt. No. 15, ¶ 7). This assertion was false as this document fails to disclose both Recovery Law Group as Debtors' counsel and that Recovery Law Group was receiving compensation from the Debtors pursuant to their signed Retainer Agreement (Adv. Dkt. No. 124, p 7; Case No. 20-31468, Dkt. No. 205, Ex. 1).

These untrue and misleading statements made in documents filed in the Debtors' bankruptcy case constitute violations of 11 U.S.C. § 526(a)(2).

---

[5] These two examples are not exhaustive of the untrue or misleading statements filed by Recovery Law Group in the Shastals' bankruptcy case.

**B.    Because Recovery Law Group Violated §§ 526(a)(1) and (2), Recovery Law Group is Liable to the Shastals for Actual Damages Under § 526(c)(2).**

Pursuant to 11 U.S.C. § 526(c)(2), a debt relief agency[6] that *intentionally or negligently* disregards the material requirements of this title and/or the Federal Rules of Bankruptcy Procedure is liable to the assisted person (emphasis added).  Section 526(c)(2) states, in part:

> (c)(2) Any debt relief agency shall be liable to an assisted person *in the amount of any fees or charges in connection with providing bankruptcy assistance to such person that such debt relief agency has received, for actual damages, and for reasonable attorneys' fees and costs* if such agency is found, after notice and a hearing, to have—

> > (A) intentionally or negligently failed to comply with any provision of this section, section 527, or section 528 with respect to a case or proceeding under this title for such assisted person;

> > *        *        *

> > (C) intentionally or negligently disregarded the material requirements of this title or the Federal Rules of Bankruptcy Procedure applicable to such agency.

(emphasis added)

---

[6] The phrase "debt relief agency" means "any person who provides any bankruptcy assistance to an assisted person in return for the payment of money or other valuable consideration, or who is a bankruptcy petition preparer under section 110 . . . ."  11 U.S.C. § 101(12A).  Recovery Law Group is, unquestionably, a debt relief agency and the Shastals are assisted persons.  *See, Milavetz, Gallop & Milavetz, PA v. United States*, 559 U.S. 229 (2010).

16

More succinctly, an assisted person may recover damages, costs and fees for these violations including: the amount of the fees or charges incurred in connection with providing bankruptcy assistance, reasonable attorneys' fees and costs, and actual damages sustained. 11 U.S.C. § 526(c)(2)(A), (C).

As set forth above, the Court has outlined Recovery Law Group's several violations of § 526(a). This Court has previously found that these violations constituted legal malpractice which, under Michigan law, requires a finding of negligence. Because the Court's previous finding of negligence is based on the same facts as at issue in the instant Motion, (*See*, Dkt. No. 124, pp. 47-53, 61-63),[7] the Court finds that Recovery Law Group's actions in this case were, at a minimum, negligent, and the Shastals are entitled to recover all the damages allowed by statute.

## VI. Recovery Law Group's Arguments in Opposition to Plaintiffs' Motion for Partial Summary Judgment

### A. Recovery Law Group Argues that Plaintiffs' Assertion That the Facts Are Undisputed Is Untrue.

---

[7] Because the damages provisions of § 526(c)(2) are triggered regardless of whether the conduct of Recovery Law Group was intentional or merely negligent, it is unnecessary to rule whether these violations were intentional or merely negligent for the purposes of Plaintiffs' Motion. As set forth in the Court's Opinion Granting Summary Judgment to the United States Trustee, however, the Court found that Recovery Law Group consistently and repeatedly violated its mandatory disclosure obligations under § 329(a) and Bankruptcy Rule 2016(b) in this District and elsewhere and concluded that such conduct was intentional, in addition to demonstrating a "clear and consistent pattern or practice" of violating § 526.

17

Recovery Law Group argues that it has not waived any factual disputes nor has it adopted the Court's prior factual findings (Dkt. No. 183, ¶¶ 2 and 3). Specifically, Recovery Law Group states in its Response:

> 2. Our decision not to re-narrate the procedural posture in that context was not a waiver of factual disputes, nor an adoption of the Court's prior factual findings. To the extent the U.S. Trustee now seeks judicial notice of those facts as "undisputed," RLG objects.

> 3. Trustee Sweet's motion similarly lacks an independent factual basis, merely citing in passing the Court's opinion on the Motion for Summary Judgement [sic] regarding Count I.

This Court rejects any effort by Recovery Law Group to contest the facts previously found by this Court and set forth in the record. This Court has issued two prior opinions where each factual finding was meticulously annotated with citations to the record (Dkt. Nos. 44 and 124). Recovery Law Group's Response to this Motion, like its previous Response to Plaintiffs' Motion for Partial Summary Judgment as to Liability (Dkt. No. 113), was unsupported by any exhibits, affidavits, deposition transcripts, admissions, interrogatory answers or other evidence. Recovery Law Group is simply too late. [8]

---

[8] Recovery Law Group also implies in its Response that, because the Plaintiffs failed to provide a formal statement of facts in their Motions -- merely citing to this Court's prior findings of fact -- there is no factual basis on which to grant summary judgment (Dkt. No. 183, ¶¶ 1, 3). This implication is absurd. It is entirely proper for the Plaintiffs to reference this Court's prior opinions for its factual basis. This Court's recitation of the facts of this case were so detailed and thorough that there is no legal reason to require the parties to "cut and paste."

## B. Recovery Law Group Argues that There Are Specific Issues of Fact Which Preclude Summary Judgment.

In addition to Recovery Law Group's general objection to the facts as set forth in the Court's prior opinions (Dkt. Nos. 44, 124), Recovery Law Group also raises the following specific issues of fact: (a) did Recovery Law Group "knowingly and materially disregard[ ]" its obligations under the Bankruptcy Code or Rules, including Rule 2016(b)" (Dkt. No. 183, ¶12); (b) is an inaccurate valuation of the Debtors' home a "materially misleading statement" (Dkt. No. 183, ¶ 22); and (c) does Recovery Law Group maintain consistent systems for onboarding, compliance, and quality assurance and were any errors systemic or an isolated failure of a single attorney contrary to firm policy (Dkt. No. 183, ¶¶ 13-21).

This Court finds that none of the issues raised preclude granting partial summary judgment to Plaintiffs. First, Recovery Law Group's knowing and material violations of its mandatory obligations under Bankruptcy Rule 2016(b) is addressed in the Court's companion Opinion granting summary judgment to the United States Trustee and it is unnecessary to repeat it here. Second, as is readily apparent (and uncontroverted) from the Court's prior Opinion granting summary judgment on Plaintiffs' legal malpractice claim (Dkt. No. 124), Recovery Law Group's failures

go far beyond submitting a simple inaccurate valuation of the home, for example: the initial valuation filed by Recovery Law Group was fictitious, the correct valuation was obtained from the Shastals only *after* Recovery Law Group filed the case under the wrong chapter, and Recovery Law Group's motion to convert the case was denied due to its *repeated* failure to appear at the hearings on that motion. The list goes on and on. Finally, Recovery Law Group offered nothing to substantiate that it has a system for onboarding, compliance and quality assurance and, as the Court's companion Opinion granting summary judgment to the United States Trustee makes clear, such a system, if one existed, *failed* over 200 times in this District alone.

As the non-moving party, Recovery Law Group may not rely on mere allegations in its pleadings or simple denials but must produce specific facts showing a genuine issue for trial. The failure to present any evidence is alone grounds to grant the motion. *Everson*, 556 F.3d at 496. Recovery Law Group has not presented anything to this Court to show that material facts are in dispute although it was given multiple opportunities to do so (*See, e.g.*, Dkt. No. 185).

### C. Recovery Law Group Argues That, Even If It Made Some Missteps In Representing Debtors, Those Missteps Do Not Rise To A Sanctionable Level.

Recovery Law Group argues that, even assuming the facts set forth in the record are true, its actions do not rise to a level requiring the imposition of penalties

or sanctions because its actions were neither intentional nor negligent. Recovery Law Group argues that only attorneys and law firms that have willfully committed more egregious actions than those that occurred in the instant case have been sanctioned under § 526, claiming that "sister courts have routinely limited enforcement to situations reflecting concealment or willful circumvention of disclosure obligations." (Dkt. 183, Brief at p. 3). Recovery Law Group cites several cases in its brief in support of its argument.

In the first instance, it is clear that Recovery Law Group's innumerable missteps and failures were, at a minimum, negligent and, as this Court previously found in granting summary judgment on Plaintiffs' claim of legal malpractice, grossly negligent (Dkt. No. 124, p. 52). Moreover, any sanctions imposed by the Court under § 526(c)(5) is the subject of a separate companion Opinion, and Recovery Law Group's argument is addressed there. Finally, the issue of Court-imposed sanctions is distinct from the issue of the actual damages suffered by the Shastals which can only be determined following an evidentiary hearing under § 526(c)(2).

Recovery Law Group's argument is also factually inaccurate. Numerous courts have sanctioned Recovery Law Group for actions similar to those in the instant case. The following is a non-exhaustive list:

- *In re Recovery Law Group, APC, d/b/a Wajda Law,* No. 24-31714, *et. al*, 2025 WL 1074362 (Bankr. E.D. Va., April 7, 2025)(court disgorged attorneys' fees,

imposed monetary sanctions, and barred Recovery Law Group from practice for "woefully deficient legal services");

- *In Re Thomas*, 657 B.R. 613 (Bankr. C.D. Ill. 2024) (**Recovery Law Group** denied all fees and ordered to disgorge any amounts already paid for filing documents with inaccurate information, making no effort to inquire as to the accuracy of the information provided in the petition, and filing numerous documents that were stricken);

- *In Re Gibson*, 658 B.R. 706 (Bankr. S.D. Ga. 2024) (**Recovery Law Group's** contract with debtors rendered void and Recovery Law Group sanctioned for failing to disclose fee sharing, failing to investigate the debtor's financial circumstances, and violating Rule 9011(b)(3));

- *In Re White*, 659 B.R. 68 (Bankr. D.S.C. 2024) (civil penalty imposed on **Recovery Law Group** for violating § 526(a)(2) by making misrepresentations);

- *In Re Burnett*, No. 21-02018, 2022 WL 802586 (Bankr. D.S.C. 2022, March 16, 2022) (court imposed civil penalty and enjoined **Recovery Law Group** from filing cases after finding that Recovery Law Group filed a disclosure with untrue and misleading information and failed to perform services it promised the debtor it would perform);

- *In Re Green*, No. 20-03190, 2021 WL 5177427 (Bankr. D.S.C., November 3, 2021) (court imposed monetary sanctions and voided employment contracts for **Recovery Law Group's** violation of § 526(a)(1), (2), and (3)(A));

## VIII. CONCLUSION

For the reasons set forth above, the undisputed facts unequivocally establish Recovery Law Group's liability under 11 U.S.C. § 526 and, therefore, Plaintiffs' Motion for Partial Summary Judgment as to Recovery Law Group's Liability Under 11 U.S.C. § 526 is GRANTED.

This case will now proceed to trial solely on the amount of damages, if any, to be awarded under § 526(a)(2) for the amount of the fees or charges incurred in connection with providing bankruptcy assistance, reasonable attorneys' fees and costs, and actual damages sustained.

Signed on September 17, 2025



/s/ Joel D. Applebaum

**Joel D. Applebaum**
**United States Bankruptcy Judge**