# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In re:

John Frederick Shastal, Jr.                         Case No. 20-31468-jda
Kimberly Ann Shastal,                           Chapter 7
                                           Hon. Joel D. Applebaum

     Debtors.
_____/

SAMUEL D. SWEET, Chapter 7
Trustee for the Estate of Debtors,
John Frederick Shastal Jr. and
Kimberly Ann Shastal, and
JOHN FREDERICK SHASTAL,
an individual, and KIMBERLY
ANN SHASTAL, an individual,

     Plaintiffs,

v.                                     Adv. No. 24-03033-jda

MAJORS LAW, PLLC,
a Professional Limited Liability
Company, SHEENA L. MAJORS,
an individual, DESIRAE BEDFORD, an individual,
and RECOVERY LAW GROUP, APC,

     Defendants.
_____/

ANDREW R. VARA, United States Trustee,

     Plaintiff,

v.                                     Adv. No. 24-03076-jda

RECOVERY LAW GROUP, APC and

SHEENA MAJORS,

    Defendants.

_____/

## OPINION AND ORDER DENYING RECOVERY LAW GROUP'S MOTION FOR RECONSIDERATION OF THIS COURT'S ORDERS SUSPENDING AND SANCTIONING RECOVERY LAW GROUP UNDER 11 U.S.C. § 526

This matter is before the Court on defendant Recovery Law Group's Motion for Reconsideration of this Court's Opinion Granting Summary Judgment to the United States Trustee with Respect to 11 U.S.C. § 526 and companion Order (the "UST Opinion," Dkt. Nos. 202, 203) and the Court's Opinion Granting Partial Summary Judgment With Respect to 11 U.S.C. § 526 Filed by John and Kimberly Shastal and Chapter 7 Trustee and companion Order (the "Shastal Opinion," Dkt. Nos. 204, 205 ). Although the Court issued two separate opinions, the Motion for Reconsideration conflates the two opinions and seeks reconsideration of both, although the only issue raised with the Shastal Opinion concerns Recovery Law Group's jury demand on the Shastals' legal malpractice claim. This issue is addressed separately below.

Rule 9024-1(a) of the Local Rules for the United States Bankruptcy Court for the Eastern District of Michigan provides the applicable standard for a motion for reconsideration, and it is this Rule which governs the instant motion. *See, In re Greektown Holdings*, LLC, 728 F.3d 567, 574 (6th Cir. 2013) (applying Eastern

District of Michigan local bankruptcy rule on motions for reconsideration rather than the Federal Rules of Civil Procedure).  Under E.D. Mich. LBR 9024-1(a)(3), a motion for reconsideration will be granted only if the movant demonstrates that the Court and the parties have been misled by a palpable defect and that a different disposition of the case must result from a correction of such palpable defect. A motion that merely presents the same issues already ruled upon by the Court, either expressly or by reasonable implication, will not be granted. *Id.*  "It is well-settled that 'parties cannot use a motion for reconsideration to raise new legal arguments that could have been raised before a judgment was issued.'" *Bank of Ann Arbor v. Everest Nat'l Ins. Co.*, 563 Fed. Appx. 473, 476 (6th Cir. 2014) (internal citation omitted); *In re Packard Square LLC*, 577 B.R. 533, 535-536 (Bankr. E.D. Mich. 2017).  "No response to the motion and no oral argument thereon will be allowed unless the court orders otherwise."  E.D. Mich. LBR 9024-1(a)(2).  Although Recovery Law Group requested oral argument, the Court does not believe oral argument or a response by Plaintiffs is necessary for the Court to resolve the Motion.

Recovery Law Group's Motion for Reconsideration raises a number of issues that it claims demonstrate a palpable defect such that a different disposition of the case would result.  While many of Recovery Law Group's arguments present the same issues already ruled on by the Court, some multiple times, the primary focus of Recovery Law Group's Motion for Reconsideration is the Court-imposed

sanctions in the UST Opinion. Having thoroughly considered Recovery Law Group's arguments in support of its Motion for Reconsideration, the Court finds no palpable defect that would necessitate a different disposition of the either the UST Opinion or the Shastal Opinion or the sanctions imposed. Accordingly, Recovery Law Group's Motion for Reconsideration is denied.

### A. THE SHASTAL OPINION

In the Shastal Opinion, the Court found that "[B]ased on the undisputed facts of this case -- the same facts which this Court found established obvious legal malpractice by Recovery Law Group (Dkt. No. 124) -- this Court finds that Recovery Law Group violated 11 U.S.C. § 526(a) by failing to perform promised services and by making untrue or misleading statements." (Dkt. No. 204). The Court scheduled an evidentiary hearing on damages under § 526(c)(2), which provides for damages in "the amount of any fees or charges in connection with providing bankruptcy assistance to such person that [Recovery Law Group] received, for actual damages, and for reasonable attorneys' fees and costs . . . ." 11 U.S.C. § 526(c)(2).

### B. THE UST OPINION

As described at length in the UST Opinion, this Court separately found that Recovery Law Group intentionally violated § 526 of the Bankruptcy Code and engaged in a clear and consistent pattern or practice of violating § 526 of the Bankruptcy Code by making statements in documents filed in cases or proceedings

under title 11 that were untrue or misleading or that, in the exercise of reasonable

care, Recovery Law Group should have known were untrue or misleading.  *See* 11

U.S.C. § 526(a)(2).  More specifically, the Court found that Recovery Law Group

filed a *Statement of Attorney for Debtor(s) Pursuant to F.R.Bankr.P. 2016(b)* (the

"Rule 2016(b) Statement") containing untrue or misleading information in the

Shastals' bankruptcy case (Case No. 20-31468, Dkt. No. 15, p. 37), and untrue or

misleading information in *at least* 219 other Rule 2016(b) Statements filed by or on

behalf of Recovery Law Group in this District since 2020 and likely before.  *See*

Dkt. No. 201, United States Trustee's Exhibit identifying some or all of the cases

filed by or on behalf of Recovery Law Group beginning in 2020.[1]  The United States

Trustee's Exhibit further breaks down each case by debtor's name, case number,

local attorney, the filing firm signing the bankruptcy petition, the firm identified on

the Rule 2016(b) Statement, the petition date, amount of fees charged according to

the Rule 2016(b) Statement, and whether the information contained on the Rule

---

[1] In its Motion for Reconsideration (¶ 13, *et seq*.), Recovery Law Group acknowledged that, because the United States Trustee had conducted an "in-depth inquiry into all cases" filed by Recovery Law Group, the United States Trustee was the better party to produce Recovery Law Group's own client information. Consistent with this acknowledgement, Recovery Law Group has not disputed the United States Trustee's Exhibit or the factual findings in the UST Opinion based upon the Exhibit, contesting only the Court's application of the law to these undisputed facts.

2016(b) Statement filed in each case complied with § 329(a) and Bankruptcy Rule 2016(b).

Based upon its findings in the UST Opinion, this Court is authorized "to enjoin the violation . . . or impose an appropriate civil penalty."[2] 11 U.S.C. 526(c)(5). Consistent with § 526(c)(5), the Court first *prospectively* suspended Recovery Law Group from directly or indirectly soliciting or filing cases in this District although, after three years, Recovery Law Group may apply to the Chief Judge of the United States Bankruptcy Court for the Eastern District of Michigan to have its suspension lifted. Second, the Court imposed a civil penalty in the amount of $392,471 (the prospective case filing suspension and civil penalty are collectively referred to as the "Sanctions.")

## C. ANALYSIS

According to Recovery Law Group, reconsideration is required because: (i) the Court improperly denied a proposed settlement between Recovery Law Group

---

[2] As used in the Bankruptcy Code, the term "or" is not exclusive, 11 U.S.C. § 102(5). *See, Societa Internazionale Turismo, S.p.A. v. Barr (In re Lockwood),* 14 B.R. 374, n. 12 (Bankr. E.D.N.Y. 1981)(holding the word "or" is not exclusive ); *In re Landmark Capital Co.*, 19 B.R. 342, n. 14 (Bankr. S.D.N.Y. 1982)(the legislative history is clear that courts or parties are not limited to a mutually exclusive choice between alternative choices). In addition to the specific authority granted by § 526(c)(5), this Court has the inherent authority to sanction parties or their counsel for improper conduct. *Mapother & Mapother, PSC v. Cooper (In re Downs)*, 103 F.3d 472, 477 (6th Cir. 1996)("Bankruptcy courts, like Article III courts, enjoy inherent power to sanction parties for improper conduct," including violations of § 329 and Bankruptcy Rule 2016(b)). *See also*, 11 U.S.C. § 105(a).

and the United States Trustee (Motion for Reconsideration, ¶¶ 5-6); (ii) the Court improperly deprived Recovery Law Group of its right to a jury trial (Motion for Reconsideration, ¶ 47); (iii) the filing suspension sanction disables "ongoing representations" (Motion for Reconsideration, ¶ 61); (iv) no client was ever deceived or misled regarding to whom they paid their legal fees (Motion for Reconsideration, ¶ 29); (v) clients of Recovery Law Group understood Mr. Lefkowitz was employed by Recovery Law Group (Motion for Reconsideration, ¶ 30); (vi) the Sanctions are "fatally overbroad and disproportionate" (Motion for Reconsideration, ¶ 59, *et seq.*); (vii) the Sanctions are "untethered to individualized culpability" (Motion for Reconsideration, ¶ 60, *et seq.*); and (viii) the amount of the civil penalty imposed is excessive, crossing the line "from civil regulation to punitive excess" (Motion for Reconsideration, ¶ 65, *et seq.*). [3]

Turning to its first argument, Recovery Law Group again claims that this Court improperly denied Defendant's settlement with the United States Trustee. Because this Court has an obligation to *independently* evaluate settlement agreements under Fed. R. Bankr. P. 9019, and for reasons previously given three

---

[3] Recovery Law Group also mentions, but does not argue, that reconsideration is warranted because it filed a motion to withdraw the reference which is pending before the District Court. (Motion for Reconsideration, ¶ 48). However, no stay of proceedings was requested or granted either by this Court or by District Court. In the absence of a court-imposed stay, a motion to withdraw the reference "does not stay proceedings in a case or affect its administration." Fed. R. Bankr. P. 5011(c).

times now, the proposed settlement was deficient (Dkt. No. 202, pp. 24-25). Among

other reasons, the proposed settlement would have required the Court to cede its

authority under § 526(c)(5), something the Court was unwilling to do.

Recovery Law Group next argues that this Court has either ignored Recovery

Law Group's request for a jury trial or deprived it of this important right. The Court

did no such thing. It is well-settled that Recovery Law Group is not entitled to a jury

trial on the § 526 issues (Dkt. No. 202 at p. 9). The Shastals' legal malpractice claim

is not part of the United States Trustee's adversary proceeding under § 526. The

legal malpractice claim is also separate and distinct from the Shastals' claim under

§ 526. Any jury trial right Recovery Law Group may have with respect to the

Shastals' legal malpractice claim is unaffected by the Shastal Opinion.

Third, Recovery Law Group argues that this Court's firm-wide, district-wide

suspension "disables current indigent debtors from using the counsel of their choice

in ongoing matters. . ." This contention is also incorrect. In suspending Recovery

Law Group, the Court took great pains to make the suspension *prospective only*,

suspending Recovery Law Group "from soliciting or filing cases in the United States

Bankruptcy Court for the Eastern District of Michigan on or after" September 17,

2025. Moreover, because the suspension is prospective only, the UST Opinion and

companion Order specifically provided that Recovery Law Group is not prohibited

from representing existing clients or filing pleadings in existing cases, including

cases which are or may be closed and subsequently reopened at a later time. Thus, ongoing representations are completely unaffected by the Court-imposed Sanctions (Dkt. No. 202, p. 28, n.13).

Recovery Law Group next argues that "Judge Applbaum [sic] specifically directed that filings must be submitted under a separate ECF account for the purposes of case filings" but then the Clerk of the Court denied Recovery Law Group's attorneys' repeated requests for separate ECF accounts (Dkt. No. 207, ¶ 34). In the first instance, the Court never directed or ordered that Recovery Law Group's filings be submitted under a separate ECF account for the purposes of case filings and, unsurprisingly, Recovery Law Group does not point to anything in the record to substantiate this sanctionable fiction. In its UST Opinion, the Court explained that Recovery Law Group is *required to disclose its case involvement* to the bankruptcy court, something it failed to do over 200 times. The Court offered numerous suggestions for Recovery Law Group to comply with the Bankruptcy Code and Bankruptcy Rules, none of which involved multiple ECF accounts for local attorneys (Dkt. No. 202 at p. 23).[4]

---

[4] In fact, in response to the email quoted in the Motion for Reconsideration, the Clerk of the Court stated: "Dear Mr. Lefkowitz, Per our telephone conversation today, your request for a second login will not be granted at this time. Since Central Sign-On has been in effect, we allow one login per attorney. As we discussed, if you are representing a client from a different law firm than the one associated with your current login, you may file an affidavit with the court indicating your representation. Thank you for your understanding and cooperation."

Next, Recovery Law Group argues that no clients were ever deceived or mislead regarding to whom they paid their legal fees. Regrettably, this statement is inaccurate. The Shastals were deceived.[5] And, even if no other clients of Recovery Law Group were deceived or misled, *this is not the test*. Rather, the question is whether Recovery Law Group's 200 or more disclosures under § 329(a) and Bankruptcy Rule 2016(b) were truthful and not misleading so that the bankruptcy judges in this District could carefully scrutinize their payment arrangements. They were not.

Under § 329(a) of the Bankruptcy Code, all attorney compensation must be disclosed regardless of whether the attorney is being compensated by the estate or from another source. *Downs*, 103 F.3d at 480 ("*Section 329 and Rule 2016 are fundamentally rooted in the fiduciary relationship between attorneys and the courts. Thus, the fulfillment of the duties imposed under these provisions are crucial to the administration and disposition of proceedings before the bankruptcy courts.*")(emphasis added). The disclosure obligations imposed by § 329(a) and implemented by Bankruptcy Rule 2016(b) are mandatory and not permissive.

---

[5] As was discussed in the UST Opinion and this Court's prior opinions, it was this deception that triggered the chain of events leading up to the imposition of the Sanctions.

*Townson v. Recovery Law Group (In re Gibson)*, 658 B.R. 706, 723 (Bankr. S.D. Ga. 2024).

As detailed in the Court's UST Opinion, it is abundantly clear that Recovery Law Group has consistently and continually violated its mandatory disclosure obligations under § 329(a) and Bankruptcy Rule 2016(b), knowing full well that its practices violated its mandatory disclosure obligations, since at least 2021 and likely before. *See, e.g., In re Green*, No. 20-03190, 2021 WL 5177427 (Bankr. D.S.C., Nov. 3, 2021); *See also*, Case No. 20-31468, Dkt. No. 60 (setting show cause hearing on Recovery Law Group's apparent failure to comply with Bankruptcy Rule 2016(b)). Recovery Law Group nevertheless filed Rule 2016(b) Statements in over 200 cases in this District alone since 2021 that violated § 329(a) and Bankruptcy Rule 2016(b).

For the same reasons, the Court also rejects Recovery Law Group's argument regarding Mr. Lefkowitz employment arrangements. Again, whether a client believed Mr. Lefkowitz worked for Recovery Law Group is not the test. Recovery Law Group's involvement in these 200 or more cases was undisclosed in violation of Bankruptcy Rule 2016(b).

Turning next to Recovery Law Group's arguments that the Sanctions are "fatally overbroad and disproportionate" and "untethered to individualized culpability," the Court again disagrees. Section 526(c)(5) and the inherent power to

11

24-03033-jda    Doc 220    Filed 10/06/25    Entered 10/06/25 09:04:39    Page 11 of 16

prevent abuse of process gives bankruptcy courts the authority to discipline the lawyers and law firms who appear before them, including suspending lawyers and law firms from appearing and practicing in bankruptcy courts. *Ginsberg v. Evergreen Security, Ltd. (In re Evergreen Security, Ltd.)*, 570 F.3d 1257, 1280 (11th Cir. 2009)(holding that a five year suspension was not an abuse of discretion); *Layng v. Barclay* (*In re Mennona*), No. 21-11967, 2023 WL 149957, *28-30 (Bankr. D. Colo., Jan. 10, 2023)(imposing three year suspension).

At least two other bankruptcy courts have enjoined *the firm* Recovery Law Group from soliciting for filing or filing any bankruptcy cases in their respective districts based upon far less numerous violations of §§ 329 and 526 and Bankruptcy Rule 2016(b). *See, e.g., In re Recovery Law Group, APC, d/b/a Wajda Law, APC d/b/a Wajda & Assocs.,* 670 B.R. 193, 250 (Bankr. E.D. Va. 2025)("The Court concludes that compliance can be assured only by suspending RLG [Recovery Law Group] from practicing law before the United States Bankruptcy Court for the Eastern District of Virginia for a period not less than two years."); *In re Burnett*, No. 21-02018, 2022 WL 802586, *12 (Bankr. D.S.C., March 1, 2022)("Recovery Law Group is enjoined from soliciting for filing or filing any bankruptcy cases in the District of South Carolina.") The *Burnett* court's suspension had no duration.

This Court's suspension order allows Recovery Law Group to apply to have its suspension lifted after three years. Given Recovery Law Group's knowing and

willful violations of § 329 and Bankruptcy Rule 2016(b) in over 200 cases in this District alone, the Court's suspension was neither fatally overbroad nor disproportionate. Moreover, as the above-cases reflect, the Court may sanction Recovery Law Group *as a firm* and is not restricted solely to sanctioning individual attorneys. *See, Gibson*, 658 B.R. at 723-724 (sanctioning Recovery Law Group and explaining its local counsel employment model).

Finally, the Court rejects Recovery Law Group's argument that the civil penalty imposed is excessive. Civil penalties can be compensatory, be designed to coerce compliance, or both. *Evergreen Security*, 570 F.3d at 1280 ("bankruptcy court did not abuse its discretion in imposing both compensatory sanctions (monetary sanctions) and sanctions designed to coerce compliance (suspension).") Here, as stated in the UST Opinion, the Court imposed a civil penalty under § 526(c)(5) that was designed to encourage a recalcitrant law firm to comply with its mandatory disclosure obligations under § 329(a) and Bankruptcy Rule 2016(b).

Section 526(a) of the Bankruptcy Code indicates that there are at least four different ways § 526 can be violated and, *before* civil penalties and/or injunctive relief are imposed, a court must find that those violations were intentional or that the violator was engaged in a "clear and consistent pattern or practice" of violating § 526. While § 526(c)(5) does not identify the factors a court ought to consider in determining an appropriate civil penalty, it is highly unlikely that the statute would

require a court to find a "clear and consistent pattern or practice" of § 526 violations only to have a court ignore that very finding when fashioning an appropriate civil penalty. Accordingly, the Court endeavored to "tether" the exercise of its discretion to applicable Sixth Circuit precedent when fashioning an appropriate civil penalty for Recovery Law Group's untrue and misleading Rule 2016(b) Statement filed in the Shastals' bankruptcy case and for its intentional and clear and consistent pattern or practice of filing untrue and misleading Rule 2016(b) Statements (and bankruptcy petitions) in over 200 cases in this District alone.

The Sixth Circuit has been very clear in its instructions to bankruptcy courts with respect to fashioning remedies for violations of § 329 and Bankruptcy Rule 2016(b): a "bankruptcy court should deny all compensation to an attorney who exhibits a willful disregard of his fiduciary obligations to fully disclose the nature and circumstances of his fee arrangement under § 329 and Bankruptcy Rule 2016(b). *The authority to do so is inherent, and in the face of such infractions should be wielded forcefully*." *Downs*, 103 F.3d at 479 (emphasis added). In *Downs*, the Sixth Circuit reversed the bankruptcy court because it did not order complete disgorgement, finding that the bankruptcy court abused its discretion in allowing the attorneys to retain any fees because the failure was not a "simple technical breach." *Id; Accord, SE Property Holdings, LLC v. Stewart (In re Stewart)*, 970 F.3d 1255, 1267 (10th Cir. 2020)(holding that full disgorgement for violations of § 329 and

Bankruptcy Rule 2016(b) "should be the default sanction and there must be sound reasons for anything less."); *Neben & Starrett, Inc. v. Chartwell Fin. Corp. (In re Park-Helena Corp.)*, 63 F.3d 877, 882 (9th Cir. 1995) ("Even a negligent or inadvertent failure to disclose fully relevant information may result in a denial of all requested fees.")

Here, Recovery Law Group's innumerable violations of § 329 and Bankruptcy Rule 2016(b) were not "simple technical breaches," they were part and parcel of Recovery Law Group's business practices. *See*, *Gibson*, 658 B.R. at 723-724 and 730-731 (explaining systemic problems with Recovery Law Group's business model). These deliberate and repeated violations of § 329 and Bankruptcy Rule 2016(b) go to the heart of the Bankruptcy Code's mandatory disclosure requirements and the fiduciary relationship between attorneys and the courts. *Downs*, 103 F.3d at 479-480. *See also, Asbach v Kealy (In re Martin)*, No. 19-31260, 2025 WL 2486401, *59 (Bankr. W.D. La., August 28, 2025)(bankruptcy courts should consider the widespread and persistent nature of the violations when imposing civil penalties, among other factors). Having considered the Sixth Circuit's instructions in attempting to fashion an appropriate civil penalty, the Court stands by its previous determination. Anything less would be an abuse of discretion.

# ORDER

For the above reasons,

IT IS HEREBY ORDERED that Recovery Law Group's Motion for Reconsideration of Court Orders Suspending and Sanctioning RLG Under 11 U.S.C. § 526 is DENIED.

**Signed on October 6, 2025**



/s/ Joel D. Applebaum
_____

**Joel D. Applebaum**
**United States Bankruptcy Judge**