UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

| | |
|---|---|
| John Frederick Shastal, Jr.<br>Kimberly Ann Shastal,<br><br>    Debtors.<br>_____/ | Case No. 20-31468-jda<br>Chapter 7<br>Hon. Joel D. Applebaum |

SAMUEL D. SWEET, Chapter 7
Trustee for the Estate of Debtors,
John Frederick Shastal Jr. and
Kimberly Ann Shastal, and
JOHN FREDERICK SHASTAL,
an individual, and KIMBERLY
ANN SHASTAL, an individual,

    Plaintiffs,

v.                                                       Adv. No. 24-03033-jda

MAJORS LAW, PLLC,
a Professional Limited Liability
Company, SHEENA L. MAJORS,
an individual, DESIRAE BEDFORD, an individual,
and RECOVERY LAW GROUP, APC,

    Defendants.
_____/

ANDREW R. VARA, United States Trustee,

    Plaintiff,

v.                                                        Adv. No. 24-03076-jda

RECOVERY LAW GROUP, APC and

SHEENA MAJORS,

    Defendants.

_____/

## ORDER DENYING RECOVERY LAW GROUP'S EMERGENCY MOTION FOR EXTENSION OF PRE-TRIAL DEADLINES

This matter is before the Court on defendant Recovery Law Group's Emergency Motion for Extension of Pre-trial Deadlines.

In this Court's September 17, 2025 Order Granting Partial Summary Judgment (Dkt. No. 205), the Court set the following deadlines regarding the damage claims pled by the Debtors and the Chapter 7 Trustee under 11 U.S.C. § 526:

> October 13, 2025 – parties to file and exchange witness lists and proposed exhibits;
>
> October 17, 2025 - tabbed exhibit binders to be delivered to chambers;
>
> October 20, 2025 - in-person evidentiary hearing.

The September 17th Order further provided that these dates would not be adjourned or modified except on upon written motion and for good cause shown. *Id*.

Recovery Law Group now seeks a 30-day enlargement of all three dates, asserting the following as cause: (1) Recovery Law Group has a motion for reconsideration pending before the Court which could eliminate the need for trial or materially change the scope of proof, witnesses, and exhibits; (2) due to the present

government shutdown, the Court may be limited in resources and the United States Trustee may not be able to attend the hearing; (3) the District Court has not yet ruled on Recovery Law Group's motion to withdraw the reference which, if granted in whole or in part, could impact the pre-trial and trial schedule or obviate the trial entirely; and (4) the parties are preparing to mediate in good faith. (Dkt. No. 218). The Shastals and the Chapter 7 Trustee have opposed this Motion (Dkt. No. 219). For the following reasons, none of Recovery Law Group's arguments warrant enlarging the current deadlines and the Emergency Motion for Extension of Pre-trial Deadlines is denied.

First, Recovery Law Group's motion for reconsideration was denied in an Opinion and Order of even date. This argument is, therefore, moot.

Second, Federal Courts are operating during the government shutdown and will continue to operate in the ordinary course for the foreseeable future. Moreover, the October 20, 2025 evidentiary hearing concerns only the § 526(c)(2) damage claims asserted by the Chapter 7 Trustee and the Shastals. These damage claims are not part of the United States Trustee's adversary proceeding, and the United States Trustee's participation at the upcoming hearing is unnecessary.

Third, in the absence of a stay granted by this Court, the filing of a motion to withdraw the reference "does stay proceedings in a case or affect its administration." Fed. R. Bankr. P. 5011(c). No stay was ever requested.

Fourth, on July 7, 2025, this Court issued its Order Granting Plaintiffs' Motion for Court Ordered Mediation, ordering mediation to occur no later than August 30, 2025 (Dkt. No. 177). The mediation was not completed by that deadline and the parties did not request an extension. The Court is, therefore, advancing the proceedings so as to not cause further delay. The parties are, of course, free to hold settlement discussions or conduct mediation within the framework of the dates set forth in the September 17, 2025 Order. Accordingly,

IT IS HEREBY ORDERED that Recovery Law Group's Emergency Motion for Extension of Pre-trial Deadlines is DENIED.

**Signed on October 6, 2025**



/s/ Joel D. Applebaum
_____
**Joel D. Applebaum**
**United States Bankruptcy Judge**