UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

| | |
|---|---|
| John Frederick Shastal, Jr.<br>Kimberly Ann Shastal,<br><br>    Debtors.<br>_____/ | Case No. 20-31468-jda<br>Chapter 7<br>Hon. Joel D. Applebaum |

SAMUEL D. SWEET, Chapter 7
Trustee for the Estate of Debtors,
John Frederick Shastal Jr. and
Kimberly Ann Shastal, and
JOHN FREDERICK SHASTAL,
an individual, and KIMBERLY
ANN SHASTAL, an individual,

    Plaintiffs,

v.                                                                Adv. No. 24-03033-jda

MAJORS LAW, PLLC,
a Professional Limited Liability
Company, SHEENA L. MAJORS,
an individual, DESIRAE BEDFORD,
an individual and RECOVERY LAW GROUP,
a Professional Corporation,

    Defendants.
_____/

ANDREW R. VARA, United States Trustee,

    Plaintiff,

v.                                                               Adv. No. 24-03076-jda

RECOVERY LAW GROUP, APC and
SHEENA MAJORS,

      Defendants.
_____/

**<u>OPINION AND ORDER DENYING RECOVERY LAW GROUP'S
EMERGENCY MOTION FOR STAY PENDING APPEAL OF ORDER
GRANTING SUMMARY JUDGMENT TO THE UNITED STATES
TRUSTEE WITH RESPECT TO 11 U.S.C. § 526</u>**

The matter before the Court is Recovery Law Group's Emergency Motion for Stay Pending Appeal of Order Granting Summary Judgment to the United States Trustee with Respect to 11 U.S.C. § 526.

On September 17, 2025, this Court issued its Opinion Granting Summary Judgment to the United States Trustee with Respect to 11 U.S.C. § 526 and corresponding Order. The Order prospectively suspended Recovery Law Group from directly or indirectly soliciting or filing cases in the United States Bankruptcy Court for the Eastern District of Michigan and imposed a civil penalty against Recovery Law Group in the amount of $392,471, payable no later than October 30, 2025.

Forty days later, on October 27, 2025, Recovery Law Group filed this Emergency Motion for Stay Pending Appeal of Order Granting Summary Judgment to the United States Trustee with Respect to 11 U.S.C. § 526 (the "Emergency

2

Motion"). Because any emergency, real or imagined, is of Recovery Law Group's own making in waiting 40 days to file its Emergency Motion, and because the Court finds no basis for granting a stay pending appeal, the Emergency Motion is DENIED.

## ANALYSIS

In determining whether to grant a stay pending appeal, the Court must consider the same four factors that are traditionally considered in evaluating the granting of a preliminary injunction. *In re Skymark Properties II, LLC*, 597 B.R. 619, 623 (Bankr. E.D. Mich. 2019). "'These well-known factors are: (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay. These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together.'" *Id.*, quoting *Michigan Coalition of RadioActive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 153-54 (6th Cir. 1991). Moreover, "the harm alleged must be both certain and immediate, rather than speculative or theoretical. In order to substantiate a claim that irreparable injury is likely to occur, a movant must provide some evidence that the harm has occurred in the past and is likely to occur again." *Id.*

**Factor One: Recovery Law Group is Unlikely to Prevail on the Merits.**

In its Emergency Motion, Recovery Law Group again argues, without more, that there are "substantial and debatable legal questions" and that "genuine disputes of material fact existed regarding Recovery Law Group's intent, representations, and compliance with statutory disclosure obligations. . ." Emergency Motion, Dkt. No. 252, p. 3. These issues have been considered and decided by this Court repeatedly, most recently in the Court's September 17, 2025 Opinion. Recovery Law Group's unsupported assertions are insufficient to support its conclusion that it will eventually prevail on appeal and, for the reasons previously explained at length including in this Court's September 17, 2025 Opinion, the Court does not believe Recovery Law Group will prevail on appeal. Thus, this factor weighs heavily against granting a stay.

**Factor Two: Recovery Law Group Will Not be Irreparably Harmed if a Stay of Proceedings Does Not Issue.**

Recovery Law Group next argues that it will be irreparably harmed if the Court's September 17, 2025 Order is not stayed because:

> Enforcement of monetary or injunctive relief under § 526 may damage Movant's [Recovery Law Group's] professional reputation, business operations, and client relationships.

4

> Compliance obligations imposed by the judgment would require immediate operational shutdown causing the Recovery Law Group to be insolvent.

Emergency Motion for Stay, Dkt. No. 252, p. 3-4.

Here, however, there is no irreparable harm to Recovery Law Group's reputation resulting from the enforcement of the Court's September 17, 2025 Order. Injury to Recovery Law Group's reputation, if any, has already occurred as a result of Recovery Law Group's repeated violations of § 526 of the Bankruptcy Code and its gross legal malpractice. Therefore, enforcement of the Court's September 17, 2025 Order cannot be said to be the "cause" of any reputational harm.

Similarly, the imposition of a prospective ban on soliciting or filing bankruptcy cases in this District does not support a finding of immediate and irreparable harm. The effects of this ban were immediately felt upon entry of this Court's September 17, 2025 Order. This Motion was not filed until October 27, 2025, more than five weeks later, thereby undercutting any claim of immediate harm.

Moreover, payment of a court-imposed civil penalty does not qualify as irreparable harm. As the *Griepentrog* court noted, "[t]he key word in this consideration is irreparable. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of

irreparable harm." *Griepentrog,* 945 F.2d at 154, quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974).

Further, the harm must be both certain and immediate, rather than speculative or theoretical, and a movant must provide some evidence to substantiate its claim. *Id*. Here, Recovery Law Group has not provided *any* support, whether by affidavit or otherwise, for its sudden assertion that payment of the civil penalty would render it insolvent which is required in order to substantiate its claim that an irreparable injury is likely to occur. Considering that Recovery Law Group is a large, national firm, still operating in all fifty states,[1] a penalty of $392,471 seems unlikely to cause irreparable harm, a conclusion buttressed by the absence of any support for Recovery Law Group's unsupported claim.

**Factors Three and Four:** **Because a Stay Pending Appeal Will Potentially Harm Others, the Public Interest Does Not Favor Imposing a Stay Pending Appeal.**

The last two factors for consideration, potential harm to others and concern for the public interest, will be considered together. The Court previously found that Recovery Law Group's repeated violations of § 526(a) posed a real and continuing threat to potential clients and to the bankruptcy judges in this District who have been misled by Recovery Law Group's willful violations of its mandatory disclosure

---

[1] Upon information and belief, Recovery Law Group is still practicing in the Western District of Michigan.

requirements under § 329 of the Bankruptcy Code and Fed. R. Bankr. P. 2016(b), among its many other failings. For these reasons, the Court concludes that any stay delaying enforcement of the Court's September 17, 2025 Order would be antithetical to the public interest.

## ORDER

For all of the above reasons,

IT IS HEREBY ORDERED that Recovery Law Group's Emergency Motion for Stay of Proceedings Pending Appeal is DENIED.

**Signed on October 28, 2025**



/s/ Joel D. Applebaum
**Joel D. Applebaum**
**United States Bankruptcy Judge**