UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

| | |
|---|---|
| John Frederick Shastal, Jr.<br>Kimberly Ann Shastal, | Case No. 20-31468-jda<br>Chapter 7<br>Hon. Joel D. Applebaum |

    Debtors.
_____/

SAMUEL D. SWEET, Chapter 7
Trustee for the Estate of Debtors,
John Frederick Shastal Jr. and
Kimberly Ann Shastal, and
JOHN FREDERICK SHASTAL,
an individual, and KIMBERLY
ANN SHASTAL, an individual,

    Plaintiffs,

v.        Adv. No. 24-03033-jda

MAJORS LAW, PLLC,
a Professional Limited Liability
Company, SHEENA L. MAJORS,
an individual, DESIRAE BEDFORD,
an individual and RECOVERY LAW GROUP,
a Professional Corporation,

    Defendants.
_____/

ANDREW R. VARA, United States Trustee,

    Plaintiff,

v.        Adv. No. 24-03076-jda

RECOVERY LAW GROUP, APC and
SHEENA MAJORS,

    Defendants.
_____/

**OPINION AND ORDER DENYING RECOVERY LAW GROUP'S SECOND CORRECTED EMERGENCY MOTION FOR STAY PENDING APPEAL OF ORDER GRANTING SUMMARY JUDGMENT TO THE UNITED STATES TRUSTEE WITH RESPECT TO 11 U.S.C. § 526**

    This matter is before the Court on Recovery Law Group's Emergency Motion for Partial Stay Pending Appeal of Order Granting Summary Judgment to the United States Trustee with Respect to 11 U.S.C. § 526 (Dkt. No. 275). This is Recovery Law Group's second Motion for Stay Pending Appeal, the first motion having been filed on October 27, 2025 (Dkt. No. 252) and denied by this Court in an Opinion and Order dated October 28, 2025 (Dkt. No. 260).

    With one modification, this current Emergency Motion for Stay Pending Appeal is simply a motion for reconsideration of the Court's October 28, 2025 Opinion and Order under a different title. The applicable test for a motion for reconsideration set forth in E.D. Mich. LBR 9024-1(a)(3) has not been met.

    As noted, this second Emergency Motion for Stay Pending Appeal differs from the first in one regard. Now, for the first time, Recovery Law Group puts forth specific allegations that "[I]f a stay is not granted and collection action is taken to

2

garnish or otherwise attempt to seize the assets of RECOVERY LAW GROUP, then RECOVERY LAW GROUP will be insolvent . . . ", "not be able to pay its expenses as they come due …", "employees of RECOVERY LAW GROUP will lose their jobs …," and "RECOVERY LAW GROUP will have to shut down."  The net result, according to Recovery Law Group, "will be approximately 5857 clients with pending cases and in bankruptcy courts in multiple jurisdictions in the United States who will not have counsel to represent them." (Dkt. 275, Affidavit of Nicolas Wajda, CEO).

     Mr. Wajda's affidavit offers nothing more than blanket suppositions, albeit astonishing, without any evidentiary support or financial records.  This Court has no confidence in Mr. Wajda's affidavit or the need for emergency relief for several reasons.  First, Mr. Wajda's affidavit is premised on the initiation of collection actions to garnish or otherwise attempt to seize Recovery Law Group's assets.  As far as this Court is aware, no such action is imminent and, therefore, emergency relief is unnecessary.  Second, in light of the paucity of detail surrounding Recovery Law Group's financial condition, the Court simply does not find Mr. Wajda's affidavit to be credible.  If, in fact, Recovery Law Group will be rendered insolvent while having a national practice and almost 6,000 active clients files, Recovery Law Group needs to better explain why it finds itself in this dire financial condition.  Finally, the Court finds it sadly ironic that Recovery Law Group -- self-proclaimed

experts in insolvency law -- are claiming to be confounded as to how to handle a potential insolvency situation when it showed no such reticence when it accepted the Shastals' engagement.

**ORDER**

Accordingly for the above reasons and the reasons previously explained in the Court's October 28, 2025 Opinion and Order (Dkt. No. 260),

IT IS HEREBY ORDERED that Recovery Law Group's (Second) Corrected Emergency Motion to for Partial Stay Pending Appeal of Order Granting Summary Judgment to the United States Trustee with Respect to 11 U.S.C. § 526 is DENIED.

**Signed on October 31, 2025**



/s/ Joel D. Applebaum
**Joel D. Applebaum**
**United States Bankruptcy Judge**