# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

In re:

John Frederick Shastal, Jr.
Kimberly Ann Shastal,

     Debtors.

_____/

SAMUEL D. SWEET, Chapter 7
Trustee for the Estate of Debtors,
John Frederick Shastal Jr. and
Kimberly Ann Shastal, and
JOHN FREDERICK SHASTAL,
an individual, and KIMBERLY
ANN SHASTAL, an individual,

    Plaintiffs,

v.

MAJORS LAW, PLLC,
a Professional Limited Liability
Company, SHEENA L. MAJORS,
an individual, DESIRAE BEDFORD, an individual,
and RECOVERY LAW GROUP, APC,

    Defendants.

_____/

ANDREW R. VARA, United States Trustee,

    Plaintiff,

v.

RECOVERY LAW GROUP, APC and

Case No. 20-31468-jda
Chapter 7
Hon. Joel D. Applebaum

Adv. No. 24-03033-jda

Adv. No. 24-03076-jda

SHEENA MAJORS,

    Defendants.

_____/

### OPINION AND ORDER DENYING MOTION FOR PROTECTIVE ORDER AND FOR AWARD OF REASONSABLE EXPENSES AND ATTORNEYS' FEES

The matter before the Court is a motion for protective order and for award of reasonable expenses and attorneys' fees (the "Motion," Dkt. 350) filed by non-party Nicholas Wajda and Defendant Recovery Law Group ("Movants"). For the reasons set forth below, the Motion is DENIED.

### A. Factual Background

A final judgment was entered against the Recovery Law Group in the instant cases, consolidated under Adversary Proceeding Case No. 24-3033, in excess of $633,000 (Dkt. 293). Mr. Wajda is the manager and sole shareholder of Recovery Law Group.

On May 11, 2026, to aid in the collection of the judgment, Plaintiffs, the Chapter 7 Trustee and the Shastals (collectively, "Plaintiffs"), issued a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceedings) to Recovery Law Group (Dkt. 340) and Nicholas Wajda (Dkt. 341) at Recovery Law Group's address in Anderson, Indiana. The subpoena required Mr. Wajda and Recovery Law Group to appear at

the bankruptcy courthouse located in Flint, Michigan on May 22, 2026 at 10 a.m. (ET).  These subpoenas were issued pursuant to Fed. R. Civ. P. 45, made applicable in bankruptcy cases under Fed. R. Bankr. P. 9016.  Rule 45 generally precludes a party from compelling a non-party witness to travel more than 100 miles from where he or she resides, is employed, or regularly transacts business.  Mr. Wajda resides in California, works in California, and has not appeared in person in Flint, Michigan, although Recovery Law Group was Debtors' counsel in the underlying bankruptcy case and appeared in court in-person and telephonically on numerous occasions.

On May 20, 2026, Movants filed a motion to quash subpoena and notice of creditors' examination deposition *duces tecum* issued by Plaintiffs (Dkt. 343) on the grounds that Mr. Wajda would need to travel more than 100 miles to attend his examination, and he lacks the requisite contacts with Flint, Michigan.  In addition to seeking to quash the subpoena, Movants also sought attorney's fees and costs in the amount of $3,000 for their costs associated with the motion to quash.

On May 29, 2026, Plaintiffs withdrew the Notice of Taking Creditors' Examination (Dkt. 339) and Subpoena to Produce Documents (Dkt. 340) served upon Nicholas Wajda on May 11, 2026.[1]  However, on May 29, 2026, Plaintiff also

---

[1] From the Court's review of the docket, it is not entirely clear that the subpoena at Dkt. 341 (issued to Mr. Wajda) has been withdrawn. However, in their motion quash (Dkt. 343, ¶ 3), Movants referenced Dkt. 341 as being a "corrected" version of Dkt. 340.  Since Dkt. 340 was withdrawn, this Court finds that the subpoena at Dkt. 341 has also been withdrawn.

filed a Notice of Taking Creditor's Examination Deposition Pursuant to Fed. R. Civ. P. 30(b)(1) of Judgment Debtor Recovery Law Group Employee Nicholas Wajda (Dkt. 347). The Notice contained a *duces tecum* ("you shall bring with you") seeking certain of Mr. Wajda's personal financial records relating primarily to his sole ownership of Recovery Law Group from January 1, 2024 to the present.

On June 11, 2026, Movants filed the instant Motion, now seeking attorney's fees of $5,000 for this Motion and the previously filed (and now moot) motion to quash (Dkt. 350). On June 22, 2026, Plaintiffs filed their response to the motion for protective order (Dkt. 353). Movants elected not to file a reply brief. The Court, having review the Motion, the motion to withdraw, and Plaintiffs' response has determined that a hearing is unnecessary to resolve the Motion, E.D. Mich. LBR 9014-1(d), and, therefore, issues this Opinion and Order without oral argument. Consequently, the telephonic hearing currently scheduled for July 8, 2026 at 11:00 a.m. (EDT) is canceled.

## B. Analysis

When a corporation is a party to litigation, as Recovery Law Group is in this adversary proceeding, a notice of deposition requires the corporation to produce *any* officer, director, or managing agent designated in the notice. Fed. R. Civ. P. 30(b)(6). Rule 30(b)(6) states, in pertinent part:

> **(6) *Notice or Subpoena Directed to an Organization*.** In its notice or subpoena, a party may name as the deponent a public or private

corporation, . . . and must describe with reasonable particularity the matters for examination. The named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf …

Fed. R. Civ. P. 30(b)(6). Consequently, those witnesses need not be subpoenaed, and the limitations of Rule 45, including the "100 mile rule," are inapplicable. *Auto Parts Antitrust Litigation*, 2016 WL 8115414 at *2; *see also, Libbey Glass Inc. v. Oneida, Ltd.,* 197 F.R.D. 342, 349 (N.D. Ohio 1999); *Nellcor Puritan Bennett LLC v. CAS Med. Sys., Inc.*, No. 2:11-CV-15697, 2013 WL 3242960, at *5 n. 4 (E.D. Mich., June 26, 2013).

Moreover, Fed. R. Civ. P. 69(a)(2) expressly authorizes a judgment creditor to obtain discovery "in aid of the judgment or execution" from any person, using the discovery procedures provided by the Federal Rules. The rule allows a judgment creditor to conduct discovery from third parties but limits that discovery to that necessary "for the purpose of discovering any concealed or fraudulently transferred assets." *Magnaleasing, Inc. v. Staten Island Mall,* 76 F.R.D. 559, 561 (S.D.N.Y. 1977). A party seeking post-judgment discovery from a non-party must first make a threshold showing that the requested discovery is both necessary and relevant. Accordingly, discovery into a non-party's assets is permitted only where "the relationship between the judgment debtor and the non-party is sufficient to raise a reasonable doubt about the bona fides of any transfer of assets between them."

*Michael W. Dickinson, Inc. v. Martin Collins Surfaces & Footings, LLC*, No. 5:11-CV-281-JMH, 2012 WL 5868903, at *2 (E.D. Ky, November 20, 2012).

In this case, Plaintiffs filed a notice of taking a creditor's examination and a *duces tecum* of non-party Nicholas Wajda, manager and sole shareholder of Recovery Law Group, on May 29, 2026. This examination is clearly within the scope of Rule 30(b)(6). There is also a colorable basis for the document requests issued to Mr. Wajda. Plaintiffs have alleged that, according to tax records previously produced by Movants, Recovery Law Group made a sizeable shareholder loan to Mr. Wajda. Recovery Law Group also operates under the name Wajda & Associates (Dkt. 353, Exhibit 2), and is intimately affiliated with Wajda Law Group, which is also owned and managed by Mr. Wajda. (Dkt. 353, Exhibit 4). Based upon these assertions, among others, Plaintiffs have made the requisite showing that fraudulent or otherwise voidable transfers may have occurred between the judgment debtor Recovery Law Group and Mr. Wajda and/or his related entities. Accordingly, this Court finds there is a sufficient basis to allow the creditors' examination to proceed along with requiring the production of the documents requested from Mr. Wajda directly.

**C. Movants' Arguments In Support Of Their Motion for Protective Order**

Mr. Wajda and Recovery Law Group argue in favor of a protective order on the grounds that: (1) the documents sought from Mr. Wajda are subject to accountant-

client privilege; and (2) Plaintiffs are making unreasonable demands on a non-party by requiring him to (a) attend an in-person a creditors' examination, and (b) produce personal financial records. Movants also allege that the discovery was initiated simply to harass and intimidate Mr. Wajda.

## 1. Accountant-Client Privilege

The party seeking to protect documents from disclosure under privilege or privacy laws bears the burden of establishing entitlement to that protection. *In re Fed Copper of Tennessee, Inc.,* 19 BR 177, 181 (Bankr. M.D. Tenn. 1982). Movants have not provided anything more than unsubstantiated assertions that the materials sought from Mr. Wajda are protected by an applicable privilege or other privacy concerns. Such unsubstantiated assertions are inadequate.

Further, no accountant-client privilege exists under federal law. *In re Subpoena To Testify Before Grand Jury*, 787 F. Supp. 722, 724 (E.D. Mich. 1992). The United States Supreme Court previously ruled that "… no confidential accountant-client privilege exists under federal law, and no state-created privilege has been recognized in federal cases" (*Couch v. United States,* 409 U.S. 322, 335 (1973)), nor is there a specific accountant-client work product privilege. *United States v. Arthur Young & Co.*, 465 U.S. 805, 817 (1984). And, while state common law privileges might apply under Fed. R. Evid. 501,[2] in Michigan the sole basis for

---

[2] Fed. R. Evid. 501 states:

any accountant-client privilege is statutory. See M.C.L. § 339.732.[3] Under

Michigan common law, no privilege attaches to transactions between an accountant

and his or her client. *People v. Safiedine*, 414 N.W.2d 143, 145 (Mich. Ct. App.

1987). Additionally, any realistic privacy concerns can be adequately addressed by

---

> *The common law*--as interpreted by United States courts in the light of reason and experience--*governs a claim of privilege* unless any of the following provides otherwise:
>
> • the United States Constitution;
> • a federal statute; or
> • rules prescribed by the Supreme Court.
>
> But in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision.

(emphasis added).

[3] Even under California law, assuming that State's law was applicable, all evidentiary privileges are statutory. *See* California Evidence Code § 911, which provides: "[e]xcept as otherwise provided by statute: . . . No person has a privilege to refuse to disclose any matter or to refuse to produce any writing, object, or other thing." This provision directly forecloses the judicial creation of common law privileges. Moreover, California does not statutorily recognize an accountant-client privilege. The only recognized evidentiary privileges are those codified in the Evidence Code, including: the lawyer-client privilege (§ 954); the physician-patient privilege (§ 994); the psychotherapist-patient privilege (§ 1014); the privilege for confidential marital communications (§ 980); the penitent's privilege (§ 1033) and the clergy member's privilege (§ 1034); the official information privilege (§ 1040); the sexual assault counselor-victim privilege (§ 1035.8); the domestic violence counselor-victim privilege (§ 1037.5) ; the human trafficking caseworker-victim privilege (§ 1038); and the newsperson's shield privilege (§ 1070).

means of a simple non-disclosure agreement. Therefore, Mr. Wajda's reliance on an accountant-client privilege is misplaced.

### 2. Reasonableness of the Discovery Requests

This Court also rejects Movants' assertion that an in-person creditors' examination is unnecessary and sought only to harass or to intimidate Mr. Wajda. The Court agrees with Plaintiffs that, while a digital face-to-face examination may be appropriate in some cases, the history of this case necessitates an in-person examination, especially considering the volume and complexity of documents requested, and the detailed questioning Plaintiffs' counsel anticipates regarding Recovery Law Group's finances, its sudden assertion of insolvency,[4] and the need to explore potentially voidable transfers and a large sole shareholder loan. An in-person examination will also expedite and facilitate the examination by allowing multiple documents to be compared, viewed and exchanged more readily, thereby avoiding confusion or attempts by the Movants to delay, stall, or obstruct the examination. In view of Recovery Law Group's conduct throughout this litigation, as thoroughly detailed in this Court's previous opinions, these are very real concerns.

---

[4] *See e.g.*, Dkt. 252, Brief in Support of Emergency Motion for Stay Pending Appeal, pp. 3-4 ("Compliance obligations imposed by the judgment would require immediate operational shutdown causing the [sic] Recovery Law Group to be insolvent.")

Accordingly, any inconvenience Mr. Wajda may experience is simply not a sufficient reason to require a zoom-style creditors' examination in this case.

The Court also notes that Recovery Law Group is a national law firm handling cases throughout the United States, including over 200 cases in Michigan alone in the last several years. Mr. Wajda is the manager and sole shareholder of this firm. He engineered Recovery Law Group's structure and operational protocols. He should, therefore, be expected to understand that some travel – related to his firm's operations or related to cases under his direct[5] supervision – will be necessary.

### D. An Award of Attorney's Fees is Unwarranted

Movants seek an award of costs and attorney's fees in the amount of $5,000 for their work in connection with this Motion and their motion to quash. It is true that, in response to Movants' motion to quash, the subpoena issued to Mr. Wajda under Rule 45 was withdrawn. However, the motion to quash did not achieve anything because, pursuant to Rule 30(b)(6), Mr. Wajda remains obligated to appear and testify without regard to the "100 mile rule," and he is still ordered to produce all the requested documents. If, by causing Movants to substitute their reliance on Rule 30(b)(6) instead of Rule 45, one can consider the motion to quash as a success,

---

[5] *See e.g.,* Dkt. 205, Exhibit 1. Pursuant to the Employment Agreement between Recovery Law Group and co-defendant Sheena Majors, an employee of and "local" co-counsel with Recovery Law Group representing the Shastals, Ms. Majors "agreed to be subject to the general supervision of and report to Attorney, Nicholas Wajda, Owner and Managing Partner of the Los Angeles Office."

it is a pyrrhic victory which does not justify an award of costs or fees.  *See, e.g.*, Fed. R. Civ. P. 37(a)(5)(A) ("But the court must not order this payment [reasonable expenses including attorney's fees] if: … (iii) other circumstances make an award of expenses unjust.").

### E.  Conclusion

For the above-stated reasons, the Motion is DENIED.

**IT IS SO ORDERED.**

**Signed on July 7, 2026**



/s/ Joel D. Applebaum
_____
**Joel D. Applebaum**
**United States Bankruptcy Judge**